Battle, J.
 

 The testimony offered by the defendant was, we think, admissible under the general issue,
 
 non asswnpsit,
 
 to prove that he had never promised in manner and form as set forth in the plaintiffs’ declaration. Its purpose was to show that the defendant had made a special contract for the bureau with one, only, of the plaintiffs ; and surely he had no right to vary that contract without the consent of the defendant; especially when such variance was to have the effect of defeating the main object which he had in view in making it. If the defendant had paid for the article of furniture at the time when he ordered it from the plaintiff White, the injustice of permitting the latter to compel a second payment by taking in a partner, would have been obvious, and yet there
 
 *295
 
 is no difference in principle between tbat case and tire present. Here White owed the defendant, and it was to secure the debt that he agreed to take the bureau. That purpose the law will not permit to be defeated by the debtor’s taking into partnership another person with whom tire defendant had never had any communication.
 

 The case of
 
 Norment
 
 v. Johnston, 10 Ire. Rep. 89, which is the only authority referred to and relied' upon by the counsel for the plaintiffs, does not, in our estimation, aid their case. The principle therein decided was, that one partner could not, by a contract with another person, charge what was shown to be his individual debt to that person,".upon the firm, without the consent of the other members of the firm. Surely that does not prove that an individual party to a contract can convert that contract into one with a firm, without the consent, and to the prejudice, of the other party.
 

 Our conclusion is, that the testimony proposed, if true, was a complete defence against the action, and consequently, the Court erred in rejecting it. There must be a
 
 venvre de novo.
 

 Per Curiam. Judgment reversed.