JAMES A. BRIDGER, JR. v. JOHN MANGUM

No. 7710SC229

(Filed 7 March 1978)

**Contracts § 18—** **contract with individual—no substitution of corporation**

    A contract for the performance of engineering services was initially made with defendant individually, and, in the absence of a mutual agreement to remove the liability from defendant and place it on defendant's corporation, defendant remained individually liable on the contract.

APPEAL by defendant from *Donald L. Smith, Judge.* Judgment entered 3 December 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 18 January 1978.

Plaintiff, a consulting engineer, instituted this civil action to recover from defendant the sum of $7,525 allegedly due for services performed in connection with the development of the Ponderosa Subdivision in Wake County. The case was tried without a jury.

The uncontradicted evidence showed that after preliminary negotiations, defendant retained plaintiff to do engineering work on the Ponderosa Subdivision in 1972. The work included, among other things, development of a water system. Plaintiff sent defendant a bill for his services in the amount of $7,722, and defendant paid that bill in September 1972. Plaintiff performed further services in connection with the subdivision and sent defendant a bill, dated 6 September 1974, in the amount of $9,025. A $1500 payment was made on the indebtedness, and defendant testified that this payment was made by check from Mangum Construction Co., Inc.

The existence of the debt was not contested at trial. The crucial issue raised by the evidence was whether the defendant was individually liable for the debt. Defendant sought to show that he was not liable because plaintiff's contract was only with

defendant's corporation. Sitting without a jury, the court found that defendant was personally liable and entered judgment in favor of plaintiff in the amount of $7,525, plus interest and costs. Defendant appealed.

*Vaughan S. Winborne for plaintiff appellee.*

*Ernest E. Ratliff for defendant appellant.*

PARKER, Judge.

The only assignment of error defendant presents and argues in his brief is based on his exception to the judgment. His remaining assignment of error is deemed abandoned. Rule 28(a), North Carolina Rules of Appellate Procedure. Therefore, the sole question presented on this appeal is "whether the judgment is supported . . . by the findings of fact and conclusions of law." Rule 10(a), North Carolina Rules of Appellate Procedure.

In its judgment, the court concluded that plaintiff initially contracted with defendant as an individual, and defendant does not challenge this conclusion. The court also found that defendant, individually, paid plaintiff's bill for work done on the first phase of the project. Plaintiff continued his performance of the contract, working on the project as it moved into its later phases.

It is a fundamental principle of contract law that a contract requires the mutual consent or agreement of the parties. *Baker v. Lumber Co.*, 183 N.C. 577, 112 S.E. 241 (1922). For defendant to remove himself from the contract and substitute his corporation as a party to the contract requires the consent of plaintiff, who is the other party to the contract. *See Joyner v. Pool*, 49 N.C. 293 (1857). However, the court specifically found as a fact that "[t]he Defendant did not inform the Plaintiff that the corporation or anyone else would be responsible for the work involved in the contract." Since plaintiff was not informed of and did not consent to any change in the parties to the contract, we agree with the court's conclusion that defendant is personally liable for all sums due pursuant to the contract.

In his brief, defendant's argument focuses on plaintiff's knowledge that defendant had formed a corporation. Though perhaps relevant to the inquiry, plaintiff's knowledge of defendant's incorporation does not establish that the contract was with

the corporation. The contract was initially made with defendant individually, and in the absence of a mutual agreement to remove the liability from defendant and place it on the corporation, it is of no consequence that plaintiff was aware that defendant had incorporated. Accordingly, the judgment is

Affirmed.

Judges MARTIN and ARNOLD concur.