## 1735

HUDSON BROTHERS TRAILER MFG., INC., Respondent v. William C. STEEN, now or formerly d/b/a Steen Ford Tractor, Appellant.

(412 S.E. (2d) 453)

Court of Appeals

*Thomas Dewey Wise, of Wise & Cole*, Charleston, *for appellant.*

*Anthony D. Hoefer, of Levi, Wittenberg, Harritt, Hoefer & Davis*, Sumter, *for respondent.*

Heard Nov. 6, 1991.

Decided Dec. 9, 1991.

LITTLEJOHN, Acting Judge:

Plaintiff-Respondent, Hudson Brothers Trailer Mfg., Inc. (Vendor) brought this action against Defendant-Appellant, William C. Steen, now or formerly d/b/a Steen Ford Tractor (Vendee) to recover $48,848.01 admittedly due the Vendor by someone growing out of an open account. This, an action at law, was tried by the judge without a jury. At the end of all the evidence, he ruled on the merits that the Vendor was entitled to recover from Steen personally and ordered judgment. Vendee appeals. We affirm.

## FACTS

Vendee (William C. Steen) did business at Charleston using a trade name "Steen Ford Tractor." Several purchases were made from the Vendor and paid for prior to January 1, 1988, at which time the Vendee became incorporated and continued to do business as usual but as a corporation. The debt involved an open account between the Vendor and the Vendee which prior to January 1, 1988, was a sole proprietorship.

Sales were made by the Vendor on an open account before and after January 1, 1988, but the Vendee admittedly did not advise the Vendor of the incorporation or change in ownership. Thereafter the corporation was sold to a third party which assumed the liabilities of the business.

## LAW/ANALYSIS

The sole issue for determination is whether Steen personally is or is not liable.

The Vendee takes the position that there was no obligation to advise the Vendor of the change in the ownership of the business. This being an action at law, the appellate court must sustain the findings of the trial court if there is any evidence

to support its rulings. *Townes Associates, Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

The trial judge found "that the Defendant William C. Steen never advised anyone at Plaintiffs [Vendor] of the change in business capacity, nor did any of the documents submitted to the Plaintiff [Vendor] from Steen provide any indication that Steen Ford Tractor was now a corporation."

The Vendee argues, and would have the Court hold, that there was no duty on his part to advise the Vendor of the change in ownership. We disagree.

In a North Carolina case with facts amazingly similar to those before us now, the Court of Appeals ruled as follows:

> It is a fundamental principle of contract law that a contract requires the mutual consent or agreement of the parties. *Baker v. Lumber Co.,* 183 N.C. 577, 112 S.E. 241 (1922). For defendant to remove himself from the contract and substitute his corporation as a party to the contract requires the consent of plaintiff, who is the other party to the contract. *See Joyner v. Pool,* 49 N.C. 293 (1857). However, the court specifically found as a fact that '[t]he Defendant did not inform the Plaintiff that the corporation or anyone else would be responsible for the work involved in the contract.' Since plaintiff was not informed of and did not consent to any change in the parties to the contract, we agree with the court's conclusion that defendant is personally liable for all sums due pursuant to the contract.

*Bridger v. Mangum,* 35 N.C. App. 569, 241 S.E. (2d) 726 (1978).

Since the contract was initially made with the individual defendant, in the absence of mutual agreement to remove the liability from the Vendee and place it on the corporation, liability remains with the Vendee; and the Order of the trial judge is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.