22102

STATE of South Carolina, Respondent, Ex. rel. Howard G. LOVE, Secretary-Treasurer of the South Carolina State Board of Architectural Examiners, Realtor, v. George L. HOWELL, d/b/a/ George L. Howell & Associates, Appellant.

(316 S. E. (2d) 381)

Supreme Court

*Howell V. Bellamy, Jr.* and *Henrietta U. Golding,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellant.*

*Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for respondent.*

May 11, 1984.

HARWELL, Justice:

The trial court enjoined the appellant George L. Howell from practicing architecture and from holding himself out as an architect. We affirm.

In equity cases tried by the trial judge without a reference, this Court can find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The appellant has an architectural design business in the Myrtle Beach area called "George L. Howell and Associates." He is not licensed to practice architecture in the state. He contends on appeal that this Court should allow him to pursue his business.

The appellant first contends that his business is architectural design rather than architectural practice and that he is thus not required to obtain a state license. We disagree.

S. C. Code Ann. § 40-3-10 (1976) defines architectural practice as:

> Any service or creative work requiring architectural education, training and experience, and the application of the principles of architecture and related technical disciplines to such professional services or creative work as consulting, evaluating, planning, *designing*, specifying, coordinating of consultants, administration of contracts, and supervision of construction for the purpose of assuring compliance with the specifications and design, in connection with any building, or site development. *A person shall be deemed to practice or offer to practice architecture who in any manner represents himself to be an architect, who performs or holds himself out as able to perform any architectural service or other services recognized by educational authorities as architecture.* (Emphasis added.)

The record contains facts sufficient to show that the appellant engages in an architectural practice. He consults with clients, determines their needs (including product mix and general floor layout), and views their property. He then prepares architectural plans and, at times, specifications for the project. If necessary, he signs change orders to allow a deviation from the original drawings and specifications. In doing so, he uses AIA documents and signs requests for payment indicating that, on the basis of his on-site inspection, the work has progressed to a certain stage in compliance with the contract. The appellant also does "punch list" inspections. He testified that "[a] punch list is when you go through a building listing items that need attention."

The appellant has designed commercial office buildings as well as complex residential structures such as townhouses.[1] The Dean of the Clemson University School of Architecture,

---

[1] The Carapace II Townhouse was a twelve-unit Seven Hundred Fifty Thousand ($750,000.00) Dollar project.

the Chairman of the State Architectural Board, and the president-elect of the South Carolina Chapter of the American Institute of Architects examined the plans which were entered into evidence. The experts concluded that they were architectural plans and that the appellant is engaged in an architectural practice. We conclude that the appellant engages in an architectural practice under our Code.

The appellant asserts, under the case of *State ex rel McLeod v. Montgomery*, 244 S. C. 308, 136 S. E. (2d) 778 (1964), that a distinction exists in architectural circles between architectural designers and architects. However, the distinction is no longer valid. The Dean of South Carolina's only architectural school testified that there was no separate profession of architectural design. Furthermore, since *Montgomery*, the legislature added the statutory definition of architectural practice. The definition now includes "designing".

The appellant next contends that his activities meet a statutory exception.

Code § 40-3-169(1) allows general contractors and home builders to prepare plans integral to the construction without an architectural license. The appellant asserts that, since general contractors utilize his plans, this exception applies. We disagree.

Section 40-3-160(2) authorizes the drafting, sale and purchase of house plans without a license. The appellant contends that his designs for townhouses are house plans. The expert testimony indicated that townhouses are multi-family dwellings which present complex problems involving the life, safety and well-being of large numbers of occupants. These problems are not found in unattached, single-family homes. The plain meaning of the phrase "house plans" does not include designs for townhouses.

Finally, the appellant contends that § 40-3-160(3) protects his practice of the "legally recognized profession" of architectural design. As discussed previously, the evidence does not reveal that such a profession exists. This argument lacks merit.

The appellant additionally contends that he did not hold out to the public that he was practicing architecture in contravention of Code § 40-3-130. We disagree.

The Myrtle Beach telephone directories for 1979 and 1980 listed his name as an architect in the yellow pages. Although the appellant testified that he had attempted to correct the situation by letter to the telephone company, no such letter is in the record.

In addition, the appellant's project signs describe him as an "architectural designer", a term that could certainly deceive the public. Section 40-3-130 not only prohibits the use of the title "architect" by unlicensed individuals, but any title that conveys the impression that the person practices architecture.

The trial court properly granted the injunction restraining the appellant from practicing architecture and from holding himself out as an architect until he is licensed by the State Board of Architectural Examiners.

The judgment below is, accordingly

Affirmed.

LITTLEJOHN, C. J., NESS and GREGORY, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.