22253

STATE of South Carolina, Appellant, *ex rel.* Howard G. LOVE, Secretary-Treasurer of the South Carolina State Board of Architectural Examiners, Relator, v. George L. HOWELL d/b/a George L. Howell & Associates, Respondent.

(328 S. E. (2d) 77)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Senior Asst. Atty. Gen. Richard E. Kale, Jr.*, Columbia, *for appellant.*

*Howell V. Bellamy, Jr.* and *Henrietta U. Golding* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers*, Myrtle Beach, *for respondent.*

Heard Feb. 6, 1985.

Decided March 26, 1985.

LITTLEJOHN, Chief Justice:

In this contempt action, the South Carolina State Board of Architectural Examiners appeals an order which found no violations of two earlier injunctions issued by the Court of Common Pleas and found no contemptuous conduct by the respondent, George L. Howell, d/b/a/ George L. Howell & Associates. We reverse the ruling of the trial court.

Howell is a draftsman engaged in furnishing architectural designs and related services to the general public. He is not, nor has he ever been, licensed to practice architecture in South Carolina.

In 1979, the Board of Architectural Examiners sought an injunction to prohibit Howell from practicing architecture, or in any manner holding himself out as an architect to the general public. A permanent injunction was issued on November 24, 1981, prohibiting him from practicing architecture, offering commercial architectural services, or using the title of "architectural designer" or other such title which would lead the public to believe that he was a duly registered architect. The validity of the permanent injunction was upheld by this Court in an earlier appeal. *See, State ex rel. Love v. Howell,* 281 S. C. 463, 316 S. E. (2d) 381 (1984).

On February 26, 1982, while the order of injunction was in effect but on appeal, the Board filed this contempt petition alleging that Howell continued to practice architecture in violation of the permanent injunction. A supplemental petition also alleged violations of the *pendente lite* injunction of March 1980.

Howell moved to dismiss the contempt action. His motion was denied and a hearing was held on the merits. The trial judge found no contemptuous conduct on Howell's part. He further ruled that Howell had attempted in all respects to comply with the injunctions and the dictates of both the Court and the Board.

The Board first argues that the trial judge erred in treating the petition as one for criminal contempt when the Board was clearly seeking civil contempt. The Board stated at trial that this was a proceeding for civil

contempt but stated that holding Howell in criminal contempt was within the trial judge's discretion. It was error for the trial judge to treat the matter as one for criminal contempt when only civil contempt was sought. The purpose of the proceeding as revealed by the petition for relief was to enforce the orders of the court.

The Board submits that the trial judge erred in requiring evidence of intent when the correct standard of proof would require a showing of "willful disobedience." "Contempt results from the willful disobedience of an order of the court, and before a person may be held in contempt, the record must be clear and specific as to the acts or conduct upon which such finding is based." *Curlee v. Howle*, 277 S. C. 377 at 382, 287 S. E. (2d) 915 at 918 (1982). Patently, Howell's disobedience was intentional, willful and cunning.

The Board argues that the trial judge erred in holding that Howell had attempted, in all respects, to comply with the orders of the Court and therefore was not in contempt. The clear preponderance of the evidence shows that Howell was in contempt for willful disobedience of the court orders by continuing to practice architecture without a license. The holding of the trial judge, "there was no evidence as to any intent by Mr. Howell to violate the Order of the Court," was not substantiated by the record.

Since the date of the injunction, Howell has continued to use letterhead, business cards, and checks with the logo "George L. Howell & Associates/Architectural Designers." Howell attempted to legitimize his continuing pattern of operation by employing three different architects. He hired Eric McClanahan, a licensed architect, in June 1980. Howell terminated McClanahan in June 1981. In October 1981, he secured the services of architect Harry Payne, an ederly retired man from Greenville who was terminally ill. In February 1982, Payne notified the Board of the conclusion of his relationship with Howell on all future projects. In early May 1982, Howell employed Richard Anderson, a licensed architect from Darlington, South Carolina.

At oral argument, counsel for Howell conceded that the relationship between Howell and each of the three architects was that of employer-employee. In each instance, Howell

hired the architect to work for him. It is inescapable that these three architects were mere puppets in the hands of Howell. These three individuals were hired for the exclusive purpose of signing architectural plans completed and supervised by Howell so as to give them an appearance of legitimacy.

Howell's hiring of architects is analogous to a Notary Public employing a lawyer to sign pleadings and thereby make them appear authentic. If the notary prepared the documents and the lawyer does nothing more than blindly endorse them and lacks any control over the drafting or use of the documents, the notary would be engaged in the unauthorized practice of law and clearly would be subject to appropriate sanctions.

The Board cites seven architectural projects for which Howell's involvement is the basis of this contempt action: Arnie's Restaurant, Palm Ridge Condominiums, Sea Island Resort, Mariner's Reef, Watermark (Twin Tower Condominiums), Pinewood Court, and Ocean Walk.

For all of the projects, Howell continued to use the logo "GLH, George L. Howell & Associates, Architectural Designers." Use of the title "architectural designer" by Howell is expressly forbidden in the permanent injunction.

> ORDERED, ADJUDGED AND DECREED that George L. Howell, d/b/a George L. Howell and Associates, is permanently enjoined from practicing architecture including, but not limited to, the offering of design and related architectural services for commercial, townhouse and condominium structures and from holding himself out as an architect, architectural designer, or by any other title which conveys the impression that he is an architect, until such time as he becomes registered as an architect by the State Board of Architectural Examiners. AND IT IS SO ORDERED.

That injunction was issued on November 24, 1981 and the logo appears on various documents dated December, 1981; January 13, 1982; January 14, 1982; January 18, 1982; January 22, 1982; February 15, 1982; March, 1982; May 25, 1982.

In addition to using the "architectural designer" title, Howell continued to sign various documents in blanks pro-

vided for the architect and continued to perform duties appropriate for architects. He consistently issued orders for the contractors to proceed, authorized change orders and payment orders, tabulated bids etc. None of the architects were in fact in "responsible charge" of the projects they supposedly approved.

The clear preponderance of the evidence shows that Howell continued to practice architecture in flagrant defiance of the court order issued against him. The evidence preponderates to the effect that none of these three architects were truly in responsible charge of the seven enumerated projects. The testimony indicated that these architects signed documents when it was absolutely necessary for a registered architect to sign. Otherwise, Howell continued to be in exclusive charge of the projects and continued to violate the injunction against him.

Howell asserted at trial that the Board had accepted a settlement agreement which provided that so long as he had a registered architect in association with him that no legal action would be pursued against him. We hold that it is irrelevant whether that agreement ever existed because Howell violated the order of the court and was clearly in contempt.

The purpose of licensing architects is to protect the public. It is obvious that the public is not being protected by the actions of Howell and his disregard for the laws of South Carolina and orders of the court.

We hold that George L. Howell was in contempt of court. The trial judge should have so held. The case is remanded to the trial court not for the purpose of determining whether Howell was in civil contempt but for the purpose of imposing sanction. It is apparent that Howell will not respond to the mere dictates of the court. The trial judge has full authority to imprison him or fine him to both or close up his entire business operation if necessary to assure full compliance with the injunctive orders herefore issued by the Court of Common Pleas.

Reversed and remanded.