## 21091

James B. ANDERSON and Dorothy K. Anderson, Respondents, v. George W. MARION, Jr., Patty H. Marion, and Commodore Motels, Inc., of Conway, Defendants, of Whom George W. Marion, Jr. and Patty H. Marion are Appellants.

(260 S. E. (2d) 715)

*H. Buck Cutts, of Dusenbury, Hendrix & Little,* Myrtle Beach, *for appellants.*

*J. Jackson Thomas, of Stevens, Stevens & Thomas,* Myrtle Beach, *for respondents.*

November 27, 1979.

LITTLEJOHN, Justice:

The Andersons (husband and wife), respondents, and the Marions (husband and wife), appellants, owned all of the stock in the Commodore Motels, Inc. of Conway in equal shares. The corporation was formed for the purpose of purchasing and operating motel leases in the Myrtle Beach area. On April 1, 1977, the Andersons had advanced $80,000.00 towards the purchase of certain properties. The Marions had been unable to advance their share. On that date, the Andersons and the Marions entered into a written contract whereby it was agreed that the Marions would reimburse the Andersons in the amount of $40,000.00 on or before June 1, 1977, ". . . and in the event they fail to do so that they will assign all rights which they have under any agreements under the Commodore Motels, Inc. of Conway."

On June 1, 1977, the Marions attempted to comply with the contract by having their attorney from North Carolina present a check in the amount of $90,000.00, which would have represented the $40,000.00 due under the contract, plus $50,000.00 which represented one-half of a subsequent

purchase. The check was drawn on the attorney's trust account, which contained insufficient funds to cover the check. On June 2, 1977, the Marions completed financial arrangements to comply with cash. The Andersons took the position then, and take the position now, that the tender on that day, even if made, was too late.

The Andersons have brought this action, praying for relief in the form of an order directing the Marions to transfer their stock in the corporation to them, for an order restraining the Marions from interfering in the operation of the motel and its business, and for a restraining order preventing the Marions from transferring their stock to anyone other than the Andersons. The basis for the relief was an alleged breach of the written contract to pay $40,000.00 on or before June 1, 1977.

The Marions entered a general denial, asking that the complaint be dismissed, asserting that a court of equity should not enforce the contract; they also counterclaimed, praying for an accounting and a dissolution of the Commodore Motels, Inc. of Conway corporation.

The trial judge, after hearing the issues without a jury, granted the relief sought in the complaint. This made it unnecessary to rule on the counterclaim. The Marions have appealed, submitting that a court of equity should not grant specific performance of the contract. We agree.

By June 1, 1977, the Marions had invested in the corporation, in cash and notes, a total of $117,-500.00. Specific performance of the contract would give to the Andersons a benefit in this amount and a loss to the Marions in the same amount. The attempt to tender on June 1 was not proper: first, because the check submitted was no good, and secondly, because a check is not legal tender. This court has consistently held that, in the absence of a contrary agreement, money is the sole medium of payment. *Atlantic Life Ins. Co. v. Barringer,* 175 S. C. 145, 178 S. E. 505 (1935), and that unless expressly received as such a check is not payment and its proffer is not tender.

The evidence is susceptible of the inference that arrangements were made for cash payment on the following day, by which time the Andersons had determined that they would insist upon a forfeiture of all of the Marions' stock. A court of equity has the authority to, and will under proper factual circumstances enforce such an agreement, but a court of equity should seek to do equity. This court has said ". . . in equity the harsh remedy of forfeiture will be forced to yield to compensation when fair dealing and good conscience seem to require it." *Lane v. New York Life Ins. Co.,* 147 S. C. 333, 145 S. E. 196 (1927). Under the facts of this case, we think that equity demands that the Andersons be left to other remedies for the recovery of such losses as they may have sustained, and upon remand they should be permitted to amend the complaint so as to seek appropriate relief.

This being a case in equity, we have found the facts according to our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The Marions, having sought equity, must do equity and, accordingly, they shall within fifteen days of the remittitur in this case pay to the Andersons the $90,-000.00 they assert they were willing and able to pay on June 2, 1977. If they fail to make such payment, the forfeiture decreed by the lower court may be appropriate.

The case is remanded for the purpose of permitting the Andersons to amend their complaint, and for the purpose of permitting the Marions to seek such relief as they have heretofore prayed in their counterclaim, and any additional relief appropriate.

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.