## 21328

Correan BOWEN, Reola Wright, Ella Bowe, Ruth Moore, Kellup L. Moore, Walter L. Gilmore, Carrie B. Gilmore, Lillian Gilmore, Gene Bowen, Stephanie Murdock, Dewey Bowen, Vonnie Boseman and Margaret Bowen, Respondents, v. Garey GREEN, Minister, Mount Zion Baptist Church, Appellant.

(272 S. E. (2d) 433)

---

[1] The offense of possession of marijuana was not at issue at trial.

432

*Franchot A. Brown* and *H. Ronald Stanley,* Columbia, *for appellant.*

*Melvin L. Roberts,* York, *for respondents.*

November 14, 1980.

HARWELL, Justice:

Garey Green appeals the decision of the trial court ordering reinstatement of members and granting certain other relief. We affirm.

The Board of Deacons and the Board of Trustees of the Mount Zion Baptist Church, meeting in joint session, voted to excommunicate certain members of the church for allegedly failing to honor financial obligations, for failing to com-

mune and worship regularly with church members, and for disrupting a worship service.

This action was precipitated when a letter to the minister calling for a congregational meeting went unheeded although the letter was signed by an alleged majority of the members. An oral request for the meeting following the worship service on the requested date also went unheeded. In fact, the minister left the church without acknowledging the calls. The disappointed members then demonstrated angrily in the church. Three days later the respondents to this appeal were excommunicated.

Thereafter, this action was commenced whereby respondents sought to have appellant restrained from interfering with their rights as members and requested a congregational meeting to review the pastoral office.

The trial court heard the matter and held for the expelled members, ruling that respondents were not expelled by the members of the congregation and that they are therefore still members of the church. The court further ordered that respondents be furnished a membership list of the church and that if a petition be submitted by at least 51 per cent of those on the list, then a meeting be called for the stated purpose. The trial court retained jurisdiction over the matter to assure compliance with its order. Of key significance to the court's ruling was the finding that the congregation never delegated authority to the church's Boards of Trustees and Deacons to expel members.

In an equity matter tried by the circuit court judge without reference such as here, the Supreme Court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Anderson v. Marion,* 274 S. C. 40, 260 S. E. (2d) 715 (1979).

434

Preliminary to our findings of facts, we must delineate the scope of review of an ecclesiastical dispute.

Generally, a civil court has no authority to intervene in cases involving expulsion from church membership where there is no question of an invasion of a civil, property or contract right. See, 20 A. L. R. (2d) 421. South Carolina case law is in accord with the view that no review of the ecclesiastical decision follows absent the infringement of those rights but South Carolina authorities do not treat the specific issue of membership expulsion. See, *Morris Street Baptist Church v. Dart,* 67 S. C. 338, 45 S. E. 753 (1903) ; *Turbeville v. Morris,* 203 S. C. 287, 26 S. E. (2d) 821 (1943) ; *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956) ; *Hatcher v. South Carolina District Council of the Assemblies of God,* 267 S. C. 107, 226 S. E. (2d) 253 (1976).

The premise upon which the foregoing authority is built is that the ecclesiastical matter was decided by the duly constituted ecclesiastical body having jurisdiction. Obviously then, if a decision is reached by some body not having ecclesiastical jurisdiction over the matter, then the civil court would not be bound by that decision. The appropriate remedy, therefore, would not be to impose an ecclesiastical dictate of the civil court but would rather be to restore the *status quo* prevailing before the unauthorized action. Once determination is made that the proper ecclesiastical authority has acted in its duly constituted manner, no civil review of the substantive ecclesiastical matter may take place as this would be prohibited by Amendments I and XIV of the Federal Constitution and Article I, Section 2 of the State Constitution. *Turbeville v. Morris, supra;* accord, *Abyssinia Missionary Baptist Church v. Nixon,* 340 So. (2d) 746 (Ala. 1977) ; 76 C. J. S. Religious Societies §§ 86, 88. See also, *Serbian Eastern Orthodox Diocese for the United States of America and Canada v. Milivojevich,* 426 U. S. 696, 96 S. Ct. 2372, 49 L. Ed. (2d) 151 (1976).

Neither the trial court nor this court have been given a very orderly presentation of facts in this case.

Neither side could definitely show what the usual practice for business transactions has been in the church. This court takes judicial notice, as did the trial judge, that in Baptist churches generally the church is governed congregationally. *Abyssinia Missionary Baptist Church v. Nixon, supra;* 76 C. J. S. Religious Societies § 2. As such, the burden would be on the party departing from the usual Baptist convention to demonstrate by a preponderance of the evidence that its church had adopted an alternative means of church government and that it was following the procedure prescribed by that church.

Appellant has not met his burden. The trial judge repeatedly sought from appellant the source of authority whereby the Boards of Trustees and Deacons, rather than the church members, exercised the power of excommunication. No document was ever supplied. There is testimony in the record to the effect that the Boards had proposed, and the congregation had approved, a plan for disassociating members for certain named reasons. Nowhere does it appear, however, that the congregation specifically gave the Boards alone this power. In fact, the testimony reveals that to be reinstated as a member, one must come before the *church,* not the Boards.[1]

It is not for this court to determine who shall or shall not be members of the Mount Zion Baptist Church. It is not for this court, to dictate procedure for the church to follow. It is the function of this court, however, in these circumstances, to assure that the church itself has spoken. If it has, this court inquires no further. If it has not, this court may restore the *status quo* to enable the church to act.

---

[1] The procedure differs for disassociated officers of the church. The officer appears before the Boards and then is voted in by the church members.

We note that this case deals with a congregational church. The situation is substantially different when a hierarchical church is involved. In that situation any judicial relief, if appropriate, would ordinarily await final determination by the highest hierarchical tribunal having jurisdiction over ecclesiastical matters.

The order of the trial court is affirmed.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.