THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.

THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Glendon
 Allaby, Kathryn Allaby, Cora Pfund, Eric Pfund, Greg Lindsey, Larry Hartley,
 Michael Duval, Kathleen Duval, Pearl Butler, Timothy Butler, and Kevin Nevin,
 Respondents,
 
 v.
 R.G.
 Stair and Faith Cathedral Fellowship, Inc., a/k/a Overcomer Ministries,
 Appellants.
 
 
 

Appeal from Colleton County

J. Ernest Kinard, Jr., Circuit Court Judge 
Howard P. King, Circuit Court Judge 
D. Garrison Hill, Circuit Court Judge

Memorandum Opinion No. 2010-MO-014

Heard April 7, 2010  Filed May 17, 2010

REVERSED

 
 
 
 Deborah Harrison
 Sheffield, of Columbia, and Mathias Genard Chaplin, of Columbia, for Appellants.
 
 Bert G. Utsey, III, of
 Peters, Murdaugh, Parker, Ellzroth & Detrick,  of Walterboro, David W.
 Whittington and Brad Allen Oliver, both of Knight
 Law Firm, of Summerville, for Respondents.
 
 
 

 
 

PER CURIAM:  This appeal
 presents the following question:  May a church member maintain a direct,
 personal action for the recovery of unrestricted funds donated to his or her
 church based on a claim that the funds were expended for a non-religious
 purpose?  The answer is no.  Once unrestricted funds are donated to a church,
 the funds belong to the church.
 
 
Respondents'
 donations through the years were unrestricted gifts.  Once donated to the
 church, the gift was complete.  See Baptist Found. for Christian Educ.
 v. Baptist Coll. at Charleston, 282 S.C. 53, 58-59, 317 S.E.2d 453, 457
 (Ct. App. 1984) ("If a donor intends to confer on another ownership of his
 property, and if he proceeds so far as to do it, then the gift is complete. . .
 . Mere improvidence is not sufficient to invalidate a donation.")
 (citations omitted).  As
 reprehensible as R.G. Stair's misconduct (financial and otherwise) may be,[1] an individual church member may not maintain an action to personally recover
 unrestricted funds he or she donated to the church.  While we understand
 Respondents' challenges to R.G. Stair's use of donated church funds for
 personal expenses, an action for the recovery of the misspent funds, if any,
 lies with the church, not the individual church members who donated the funds. 
 Here, notwithstanding R.G. Stair's admitted misconduct, the church as a body
 has elected to take no action.  See Bowen v. Green, 275 S.C. 431,
 435, 272 S.E.2d 433, 435 (1980) ("It is not for this court, to dictate
 procedure for the church to follow.  It is the function of this court, however,
 in these circumstances, to assure that the church itself has spoken.  If it
 has, this court inquires no further.  If it has not, this court may restore the
 status quo to enable the church to act.").  In this case, the church has
 spoken. 
 
 
Furthermore,
 were we to consider the merits of this dispute, we would veer close to crossing
 a line prohibited by the Constitution, for it would require this Court to
 examine what qualifies as a "religious purpose."  See Serbian
 Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 722-23 (1976)
 (holding the First Amendment gives religious organizations the freedom to
 decide for themselves, free from state interference, matters of church
 government, faith, and doctrine).  Respondents have not asserted that R.G.
 Stair misrepresented his or Faith Cathedral Fellowship's identity to
 Respondents.  Rather, Respondents have challenged certain expenditures made by R.G.
 Stair as "non-Christian" and "non-religious."  Compare
 Molko v. Holy Spirit Assn., 762 P.2d 46 (Cal. 1988) (holding the
 Constitution did not bar an action against the church for fraud where a member
 alleged the church fraudulently induced him, through misrepresentation and
 concealment of identity, to join the church and to give a monetary gift). 
 
 
We reverse the
 trial court judgments in favor of Respondents.

REVERSED.

TOAL, C.J., PLEICONES, BEATTY,
 KITTREDGE and HEARN, JJ., concur.

[1]  There are many
 allegations concerning R.G. Stair's "non-religious" expenditure of
 church funds.  For example, R.G. Stair spent over $100,000 of church funds to
 defend criminal charges arising from his many instances of sexual misconduct
 with church members, including minors.