**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Supreme Court**

Barbara B. Clark, Warren E. Hatcher, Cassie Keeton,
Daniel Green, Powell Hampton, Amos Hatcher, Bobby
Keeton, James Moseley, Willie B. Oliver, Individually,
and as General Officers of the RMUE Church,
Respondents,

v.

Fred Henderson Moore, Appellant.

Appellate Case No. 2012-213391

Appeal from Jasper County
Richard E. Fields, Special Referee

Memorandum Opinion No. 2014-MO-034
Heard May 7, 2014 – Filed August 20, 2014

**VACATED**

Eduardo Kelvin Curry, of the Curry Law Firm, LLC, of
N. Charleston, for Appellant.

Darrell T. Johnson, Jr., and Mills Lane Morrison, Jr., of
Law Offices of Darrell Thomas Johnson, Jr., LLC, of
Hardeeville, for Respondents.

**JUSTICE PLEICONES:** We vacate the Special Referee's order in its entirety because this is an ongoing ecclesiastical dispute which cannot be resolved by neutral principles of law. *See Banks v. St. Matthew Baptist Church*, 406 S.C. 156, 161, 750 S.E.2d 605, 607 (2013) ("so long as a court can hear a case without deciding issues of religious law, principle, doctrine, discipline, custom, or administration, the court must entertain jurisdiction"); *see also Pearson v. Church of God,* 325 S.C. 45, 52, 478 S.E.2d 849, 853 (1996) (courts "may not engage in resolving disputes as to religious law, principle, doctrine, discipline, custom, or administration"); *Bowen v. Green,* 275 S.C. 431, 435, 272 S.E.2d 433, 435 (1980) (noting that is it not the function of the courts to dictate procedures for a church to follow).[1]

**VACATED.**

**KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur. TOAL, C.J., concurring in a separate opinion.**

---

[1] We disagree with the concurring opinion that this matter should be remanded for "further factual development." Regardless of what could be gleaned from further factual development, this is an ongoing church disciplinary matter. We find this matter beyond the purview of this Court. *See Banks,* at 165, 750 S.E.2d 609 (Toal J. dissenting) ("This Court has consistently stated that civil courts will not enter into the consideration of church doctrine or *church discipline*, nor will they inquire into the regularity of the proceedings of the church judicatories having cognizance of such matters.") (citations and internal quotations omitted) (emphasis supplied).

**CHIEF JUSTICE TOAL:** I agree with the majority that we should vacate the Special Referee's order. However, I would remand to the lower court for further factual development regarding which party is the highest governing authority within the hierarchical Reformed Methodist Union Episcopal Church (RMUE)— the General Officers or the Bishop.

## FACTS/PROCEDURAL HISTORY

This matter arises out of a dispute between the General Officers of the RMUE and their presiding bishop, Bishop Moore. The RMUE General Officers notified Bishop Moore of suspected violations of church laws, namely theft of church funds. Bishop Moore ignored these allegations, and the RMUE disciplinary body ultimately tried him in his absence.[2] The disciplinary body found him guilty of the alleged violations and suspended his duties as Bishop.

Bishop Moore disagreed that the disciplinary body had the authority to suspend him; consequently, Bishop Moore continued to act as bishop. Since his suspension, Bishop Moore has suspended the General Officers and others, and canceled the election for bishop at the annual conference. On May 2, 2012, Barbara Clark, on behalf of the General Officers, filed a complaint against RMUE and Bishop Moore, alleging that Bishop Moore's actions were improper.[3]

The parties consented to transfer the matter to a Special Referee. The Special Referee issued a temporary restraining order and injunction enjoining Bishop Moore from interfering with the RMUE Annual Conference, managing RMUE funds, and serving as RMUE's Bishop. The Special Referee's order went so far as to schedule a new annual conference, state that the Associate Bishop was to preside over the conference, and set forth agenda items to be discussed at the conference.

Both parties appealed, and this Court certified the appeal pursuant to Rule 204(b), SCACR.

---

[2] The Record does not contain the dates of these disciplinary proceedings but it is clear that these actions were taken prior to the origination of this case.

[3] On July 9, 2012, Clark voluntarily dismissed RMUE from the lawsuit without prejudice. Additionally, on October 12, 2012, the other General Officers of RMUE intervened as plaintiffs in the action and filed a nearly identical amended summons complaint.

## ANALYSIS

The overarching issue on appeal is whether or not the trial court has subject matter jurisdiction to hear this ecclesiastical matter. As the majority opinion notes, it is inappropriate for a court to delve into ecclesiastical matters unless it can do so "without deciding issues of religious law, principle, doctrine, discipline, custom, or administration." *Banks v. St. Matthew Baptist Church*, 406 S.C. 156, 161, 750 S.E.2d 605, 607 (2013). Moreover, "whenever the questions of discipline, or of faith, or ecclesiastical rule, custom, or law have been *decided by the highest of [the] church judicatories* to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them." *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 727 (1871) (emphasis added). In accordance with the First Amendment,[4] courts may only apply neutral principles of law when resolving church disputes. *See Pearson v. Church of God*, 325 S.C. 45, 50-51, 478 S.E.2d 849, 852 (1996). Like the majority, I believe that the Special Referee decided matters outside of these neutral bounds, and therefore the order must be vacated.

However, courts may enforce a decision made by the highest authority within a hierarchical church if the court does not consider any religious issues or doctrine. *See Banks*, 406 S.C. at 161, 750 S.E.2d at 607. By merely applying neutral principles of law when enforcing an ecclesiastical order of the highest authority of a church, courts are not forced to inquire into religious matters. *See Presbyterian Church v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969) (finding that neutral principles of law applied when a court relied "exclusively on objective, well-established concepts of trust and property law familiar to lawyers and judges"). For this reason, I diverge from the majority because it is my opinion that the next step in our analysis should be to ascertain who is the highest decision-making body within RMUE, and what its decision was with respect to this matter.

The Record does not contain a complete copy of The Doctrines and Discipline of the Reformed Methodist Union Episcopal Church, which dictates the structure and operation of the RMUE church. Additionally, the parties disagree on who is the highest authority within the church; consequently, it is unclear who has final decision-making discretion within the RMUE.

---

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

For these reasons, I would vacate the Special Referee's order and remand for further factual findings regarding which party is the highest decision-making body within the RMUE church, and therefore, whether the courts may enforce the General Officers' decision to suspend Bishop Moore.