20155

TOWNES ASSOCIATES, LTD., Respondent, v. The CITY OF GREENVILLE, South Carolina, Appellant.

(221 S. E. (2d) 773)

*Robert O. Conoley, Esq.,* of Greenville, *for Appellant,*

*Charles W. Marchbanks, Esq.,* of Greenville, *for Respondent,*

January 22, 1976.

LITTLEJOHN, Justice:

Townes Associates, Ltd. (plaintiff) brought two separate actions against the City of Greenville (City), alleging that fees were owed it for architectural services on two separate construction projects. From rulings of the lower court in favor of the plaintiff in each action, the City has appealed.

Plaintiff alleged in the first action that fees were owed it for architectural work on a pedestrian mall on Coffee Street, pursuant to a written contract with the City which provided for an architect fee totaling 5.45% of the lowest construction bid. In its answer, the City admitted the written contract, but denied that the same had been breached by the City.

In the second action, plaintiff alleged that it had performed services for the City under an implied contract in connection with a parking garage on Spring Street and was entitled to recover the value of its services. The City denied that there was an implied contract for the plaintiff to provide services in connection with this Spring Street garage project.

The actions were consolidated for trial and referred to the master. Both are actions at law.

The master made findings of fact and conclusions of law to the effect that the City had wrongfully breached its writ-

ten contract with plaintiff on the Coffee Street Mall project, and that the plaintiff was entitled to the fee provided in the contract, as if no termination had taken place. With regard to the Spring Street project, the master found that the City, through its City Manager, had employed plaintiff to perform services, and that plaintiff was entitled to recover the reasonable value of its services under a *quantum meruit* theory.

The circuit judge concurred in the findings of the master, except to modify the master's conclusion that plaintiff was entitled to recover the total fee provided in the written contract, as if no termination had taken place. On this point, the circuit judge concluded that plaintiff was only entitled to 80% of the fee provided in the written contract. Plaintiff does not challenge this modification of the master's findings and has not appealed.

The City has appealed the lower court's order, alleging as error that the preponderance of the evidence does not support the court's findings. Also in issue is whether the doctrine of estoppel may be applied against a public body (City) acting through one of its officers (City Manager).

An apparent misunderstanding, on the part of the appellate bar, of the jurisdiction of the Supreme Court prompts us to set out the scope of review available upon appeal in civil cases. Article V, § 5 of our Constitution, ratified April 1973, sets forth the jurisdiction of this Court. It is the same as Article V, § 4 of the Constitution of 1895. Also see §§ 15-122 and 15-123 of the Code of Laws of South Carolina (1962).

1. In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Odom v. Weathersbee,* 225 S. C. 253, 81 S. E. (2d) 788 (1954).

2. In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings. The rule is the same whether the judge's findings are made with or without, a reference. The judge's findings are equivalent to a jury's findings in a law action. *Chapman v. Allstate Ins. Co.,* 263 S. C. 565, 211 S. E. (2d) 876 (1974).

3. In an action in equity, tried by the judge alone, without a reference, on appeal the Supreme Court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Crowder v. Crowder,* 246 S. C. 299, 143 S. E. (2d) 580 (1965).

4. In an action in equity, tried first by the master or a special referee and concurred in by the judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Ex Parte, Guaranty Bank & Trust Co.,* 255 S. C. 106, 177 S. E. (2d) 358 (1970).

5. In an action in equity where the master, or the special referee, is in disagreement with the judge on a factual finding, this Court may make findings in accordance with its own views of the preponderance or the greater weight of the evidence, the same as if the case had been tried by the judge without reference to the master or a referee. *Price v. Derrick,* 262 S. C. 341, 204 S. E. (2d) 389 (1974).

The actions now before us for a determination are ones at law, tried without a jury. We have therefore reviewed the evidence, not to determine the preponderance thereof but to determine whether there is any evidence which reasonably supports the factual findings of the judge. In oral argument, counsel conceded that there is some evidence which, if believed, supports the findings of the lower court. We are not at liberty to decide the case on the basis of our views as to the preponderance. Accordingly, the findings of the lower court, being supported by the evidence, are affirmed.

The second issue raised by the City, by way of its ██ exceptions, challenges the lower court's ruling that the City is estopped to deny the implied contract on the Spring Street project. The City's contention is that a governmental body cannot be estopped by the unauthorized acts of its officers and agents. It argues that if the City Manager did enter into an implied contract for services with plaintiff, this action was not authorized by City Council as required by law and, therefore, the City is not liable and the law of estoppel does not apply.

We take no issue with the general principle of law that estoppel will not lie against a governmental body for the unauthorized acts of its officers and agents. *Looper v. City of Easley,* 172 S. C. 11, 172 S. E. 705 (1934), *Farrow v. City Council of Charleston,* 169 S. C. 373, 168 S. E. 852 (1933). However, where the officers or agents of a governmental body act within the proper scope of their authority, a municipality cannot escape liability on a contract within its power to make, on the ground that the officer executing it in its behalf was not technically authorized to do so, where he was the proper person to enter into such a contract. See *Farrow v. City Council of Charleston, supra,* 56 Am. Jur. (2d) *Municipal Corporations, Etc.* § 528 (1971).

The lower court accepted the findings of the master that the City Manager had authority to make binding agreements in furtherance of city policies, that he employed plaintiff to undertake services for the City, that members of the City Council knew plaintiff was performing these services, and that the City actually benefitted from the services.

As noted above, our scope of review in an action at law is limited to a determination of whether there is any evidence which may reasonably support the factual conclusions of the lower court. We conclude that there is, and that the failure of the City Council to ratify a formal contract under the facts in this case was a mere technicality not entitling it

to escape liability for the reasonable value of plaintiff's services.

Accordingly, the judgment of the court below is

Affirmed.

LEWIS, C. J., NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.