20362

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. Richard Alex TILTON, a minor, et al., Respondents.

(232 S. E. (2d) 511)

Messrs. McCutcheon & McCutcheon, of Conway, for Appellant,

*Messrs. Grimes, Hinds & Cowan,* of Georgetown, and *Buist, Moore, Smythe & McGee,* of Charleston, *for Respondents,*

February 10, 1977.

*Per Curiam:*

This is an appeal from a declaratory judgment determining the rights and liabilities of the parties pursuant to an automobile insurance policy.

State Farm Mutual Automobile Insurance Company issued a policy of automobile liability insurance to Esther Jayroe. The ultimate issue is whether the 1972 Nova was a replacement vehicle. The defendant, Edward Jayroe, was involved in an automobile accident while driving this automobile. The defendant Richard Tilton was injured as a passenger in the vehicle and previously instituted an action against Edward Jayroe. State Farm upon being asked to defend, brought this action for a declaratory judgment and the trial court determined that the State Farm policy insured the 1972 Nova. We affirm.

This being an action at law tried by the judge alone, his findings of fact will not be disturbed on appeal unless there is no evidence which reasonably supports his findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The following facts were found by the trial judge and have evidentiary support in the record. In April of 1972, Edward Jayroe, then 19 years old, persuaded his mother, Esther Jayroe, to buy him a 1966 Ford Galaxie with title and registration in her name. State Farm issued a policy covering the Ford in the name of Esther Jayroe under the Assigned Risk Plan through Allied Insurance Agency, the producer. Within two or three months the Ford was wrecked and a 1956 Chevrolet pickup was purchased, and substituted by endorsement for the Ford by State Farm through Allied Insurance Agency. Within a few days the pickup became totally inoperable and was parked in the Jayroe's yard. Edward Jayroe then purchased the 1972 Chevrolet Nova which was also registered in his mother's name. Allied Insurance Agency was again contacted and requested to substitute the Nova in lieu of the pickup. Allied's file contained the notation "off—1956 Chevrolet pickup, add 1972 Chevrolet Nova two door . . ." State Farm did not receive actual notice of this request and no subsequent endorsement insuring the Nova was issued.

The pickup was repaired subsequent to the accident involving the Nova. State Farm asserts that the Nova could not constitute a replacement vehicle because the pickup was neither disposed of nor inoperable. This Court has held that a replacement vehicle:

"must replace the car described in the policy, which must be disposed of or incapable of further service *at the time of replacement*. Mere retention of title and possession of the described automobile will not prevent the attachment of replacement coverage to one subsequently acquired, where the described automobile is incapable of further service." *Allstate Ins. Co. v. Government Employees Ins. Co.*, 262 S. C. 110, 114, 202 S. E. (2d) 640, 642 (1974). (Emphasis added.)

The trial judge's finding of fact, which is supported by the evidence, establishes that the pickup was inoperable and incapable of further service *at the time of the replacement*.

'State. Farm asserts as error several exceptions relating to a lack of actual notice of the substitution of vehicles. However, it is conceded that the policy provides for automatic coverage without notice if the named insured acquires an automobile which replaces a vehicle covered by the policy. Hence, we need not reach these issues.

We find that the judgment of the trial court contains no error of law and affirm.

Affirmed.