20650

A. C. PATRONE, Appellant-Respondent, v. Gillis COLEMAN, James Bobby Coleman, Darlene Coleman and Carrie H. Coleman, Respondents-Appellants.

(242 S. E. (2d) 691)

506

*Kenneth R. Kitts,* of Columbia, *for Appellant-Respondent,*

*A. Birge Wise* and *Kirby D. Shealy, Jr.,* of *Wise, Wise & Shealy,* Columbia, *for Respondents-Appellants,*

March 21, 1978.

LITTLEJOHN, Justice:

A. C. Patrone (Patrone) instituted this action seeking to enjoin the defendants (the Colemans) from interfering with his rights in an alleyway 19 feet wide, running south from Devine Street in the City of Columbia, and in a driveway

20 feet wide, running west from South Main Street, which purportedly intersects with the 19-foot alleyway. Patrone also seeks to recover money damages. The Colemans entered a general denial to Patrone's complaint, and counterclaimed, alleging that Patrone was interfering with their property rights in the 19-foot Devine Street alleyway, and alleging that they were entitled to injunctive relief.

The claim of Patrone hinges upon the interpretation to be given to two separate deeds from Lott Lawson to Patrone in 1962, conveying two adjoining lots. The adjoining lots are 40′ × 130′ and 42′ × 130′, respectively, and are situated at the corner of Devine and South Main Streets in the City of Columbia. These lots were a portion of a larger lot (208′ × 209′) acquired by Lott Lawson in 1945 by deed from Wilson and Shackelford. A plat of the property was made in 1946. This plat shows a "driveway", 19′ × 113′, commencing on Devine Street at a point 130 feet from the intersection of South Main and Devine. The driveway does not extend beyond 113′ and would appear to terminate near the center of the Lawson property.

Patrone's lots face on South Main Street and run back 130 feet alongside Devine Street to the 19-foot driveway shown on the plat. The two deeds from Lott Lawson to Patrone were executed on the same day. One refers to the western boundary as "on the west by driveway, measuring thereon 40′." The other refers to the western boundary as "and on the west by alley or driveway, measuring thereon 42′." After the description in each deed, we find the following identical language: "Together with perpetual right to use the Nineteen (19′) foot alleyway."

By bringing the action, Patrone has undertaken to prove that the 19-foot alleyway extends beyond the 113 feet, across the remainder of the Lawson property (now owned by the Colemans) so as to join with the 20-foot alleyway running perpendicular thereto, and terminating on South Main Street. The effect of such would be to provide Patrone with

the use of a "wrap-around" alleyway of an "L" shape, such that he could get to the back of his property from either Devine Street or South Main Street.

The lower court held that Patrone acquired no right to use the 20-foot South Main Street alleyway, but held that he did acquire the right to use the alleyway commencing on Devine Street and extending a total of 208 feet across the Lawson property, which is now owned by the Colemans. The Colemans concede that Patrone has a perpetual easement in the 19-foot driveway on Devine Street, extending 113 feet. The Colemans have appealed because of the ruling that the deeds conveyed a driveway beyond that point.

The lower court denied damages and denied relief to either party except as indicated hereinabove. This being an equity and injunction action, we are, on appeal, at liberty to decide the issues in keeping with our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

We are of the view that our ruling has little precedential value and, accordingly, we limit the opinion to a determination of the dispute between the parties, as did the lower court. Patrone has failed to carry the burden of proving that he acquired more than an interest in the Devine Street 19′ × 113′ driveway. His deeds referred to the width of the driveway, but did not refer to its length. Other deeds, one to Psomas of the adjoining property in 1968, and one to Trevathan in 1950, refer to the alley or driveway as 19′ × 113′. More important still, at the time of the deeds of the two conveyances to Patrone, the grantor, Lott Lawson, owned only a one-half interest in the property through which Patrone now claims an easement. A one-half interest had been previously deeded, in 1946, to Joel W. Lawson and Lott Lawson, Jr. Accordingly, Lott Lawson could not have conveyed the easement which Patrone now claims, and we know of no theory of law by which Joel W.

Lawson and Lott Lawson, Jr. could have been bound by Lott Lawson's deed.

The deed by which the Colemans acquired their property includes the fee of the 19′ × 113′ alleyway, but specified: "Said strip of land being subject to the rights of all other landowners, whose lots adjoin said alleyway, to use the same for purposes of access, egress and ingress, to and from the said Devine Street." The adjoining landowners referred to in this quotation are: (1) Patrone, (2) Psomas, and (3) Palmetto Typesetters, Inc., which is successor to Trevathan.

We hold that the easement acquired by Patrone is limited to the 19′ × 113′ driveway abutting on Devine Street, and the lower court should have so held. All exceptions have been considered. Patrone's exceptions are overruled. The Colemans' exception is sustained.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.