21725

Noah Howard SKIPPER, Respondent, v.
Florie Bell H. SKIPPER, Appellant.
(292 S. E. (2d) 596)

*Robert N. Rosen,* of *Rosen, Oberman & Rosen,* Charleston, *for appellant.*

*J. Reuben Long* and *Kenneth C. Inman,* Conway, *for respondent.*

June 9, 1982.

LITTLEJOHN, Justice:

The Respondent, Noah Howard Skipper (Husband) brought this action in the Family Court seeking a divorce on the ground of one-year separation from Florie Bell H. Skipper, Appellant (Wife). She answered and counterclaimed, asking for a divorce on the ground of adultery, seeking alimony and a division of marital property and attorney fees. The trial judge granted the Husband a divorce, ordered alimony in the amount of $150 per month and granted to the Wife the right to live in the marital home. This residence was built by the parties to this action on land in which the mother of the Husband owns a life-estate interest.

In the appeal, three issues are submitted to the Court. Wife argues that the Judge abused his discretion and committed error in failing to grant her a divorce on the ground of adultery. While we are of the opinion that the evidence might have warranted such a ruling, we are of the view that a factual issue was involved such that there is no reversible error and, therefore, that part of the decree granting to the Husband a divorce on the ground of one-year separation is affirmed under our Rule 23. No precedential matter is involved and no error of law appears.

By appropriate exceptions, the Wife also submits that the grant of alimony was insufficient and that the Court erred in its ruling on the distribution of the marital property. We agree on both issues.

As is required by Family Court Rule, the Husband filed with the Court a financial declaration in which he indicated that his gross income from his employment with the Pepsi-Cola Company was $1,284 per month, with a net of $955.37. It developed in the trial of the case that the Husband had additional income which he, in effect, concealed from the Court not only in the financial statement but also in his testimony. In his off hours, he operates an automobile repair shop at his residence. It is inescapable that he has had substantial income from this undertaking. His testimony, relating to income from repairing automobiles is barely short of contemptuous (if not actually contemptuous). Typical of this testimony is as follows:

Q. Did you make any money in 1979?
A. Yes, well, I'd say I made a few dollars.
 . . . .
Q. All right, in 1978 what did you make?
A. I'd say a few dollars in 1978.
Q. In 1977?
A. 1977, I made a few dollars.
Q. In 1976?
A. I made a few dollars then.

In answer to the Court's questions relative to his income tax return, we find the following:

THE COURT: Let me ask you a couple of questions. How much did you report from your moonlighting in 1978 on your income tax?
A. Honest sir, I don't know.
THE COURT: Did you report any on it?
A. On income tax, no sir.
THE COURT: So that was all, after your, after your parts that was all clear profit?
A. Yes sir.

The Husband should not have been permitted to withhold from the Court information which was necessary to the proper adjudication of the matters under consideration. With or without the additional evidence, the Court's grant of only $150 monthly alimony was grossly inadequate. The income to which the Husband admitted was entirely inconsistent with the standard of living which he obviously enjoys. We reverse the award of alimony because it is clearly inadequate.

This being an equity proceeding, this Court might determine all issues in keeping with our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). But, inasmuch as the evidence has not been properly developed, we decline to do so except as relates to temporary alimony, which is appropriate. Inasmuch as the Wife has been without adequate alimony since December 17, 1979, we order that the Husband pay to her, as temporary alimony $110 each Saturday after the filing of this Opinion and until such time as the Family Court, on

remand, determines an appropriate amount of permanent alimony. This temporary alimony shall be payable to the Clerk of Court of Horry County, with an additional three (3) percent court costs, making a total of $113.30.

The evidence clearly preponderates to the effect that the Wife is entitled to an equitable division of the marital property. Counsel stipulated in open Court at oral arguments that the house allocated to the Wife for her residence has, since the signing of the decree, burned. This, of itself, is a change of circumstance necessitating a review by the trial Court. With or without the burning of the house, we hold that the Wife is entitled to a more equitable distribution of the marital property.

The order of the lower Court is affirmed as it relates to the granting of the divorce to the Husband on the ground of one-year separation. In all other respects, the order is reversed and the case in remanded for trial, *de novo*.

Upon remand, the Wife may apply to the Court for additional attorney fees for both this appeal and for participating in the new trial.

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.