21866

Larry Randall AMICK, Respondent, v. Frances L. AMICK, Appellant.
(300 S. E. (2d) 727)

*Robert J. Thomas*, of *Tompkins, McMaster & Thomas* and *James B. Richardson, Jr.*, of *Ham & Richardson*, Columbia, *for appellant.*

*Stanley G. Freeman*, of *Kneece, Kneece, Freeman, Willoughby & Ashley*, Columbia, *for respondent.*

Feb. 21, 1983.

*Per Curiam:*

Plaintiff, Larry Randall Amick (Husband) brought this action against defendant, Frances L. Amick (Wife), asking for a divorce, custody of children and equitable distribution of marital property. The trial judge granted the divorce to the Husband, denied alimony, granted custody of children to the Husband and ordered a distribution of marital property. Wife appeals, alleging error in these basic determinations.

We have reviewed the record and conclude that insofar as granting the divorce, the denial of alimony and the custody of children is concerned, no matter of precedential value is involved, and the judgment of the trial court is based on findings of fact which are not clearly erroneous. Accordingly, these issues are disposed of under Rule 23.

Insofar as the distribution of the marital property is concerned, we have reviewed the record and conclude that the judge abused his discretion in failing to provide more abundantly for the Wife. It is patent that the contributions of the Wife to the family accumulations are substantially disproportionate to the award of the lower court.

Although this Court may determine these equitable issues based on our view of the preponderance of the evidence,[1] we are of the opinion that a more equitable distribution may be brought about at the trial level. The order of the lower court is, therefore, affirmed in part and reversed in part. The case is remanded for a trial *de novo*, and for a new determination on the equitable distribution issues. Either party may supplement the record, but the court may, upon a rehearing, rely upon the evidence which has already been produced, if appropriate.

Affirmed in part; reversed in part; and remanded.

---

[1] *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).