### 22083

Geneva B. PRATER, Administratrix of the Estate of Amela Crouch, a/k/a Minerva Sewell and Minerva A. Sewell, Plaintiff, v. Isabelle HORVATH, George H. McCullic, Thomas Lester Manning, Jr., Helen Manning Smith, Defendants-Respondents, and Julia Taylor Ofner, Elizabeth Rence Rogers, Camille Rence Zimmerman, Sylvia H. Rence, Defendants, and John Nevil Mason, Alan Keith Mason, Ronald Basil Mason, Geoffrey Waller Mason, Defendants-Appellants, and The State of South Carolina, Defendant, and all unknown heirs, devisees, grantees, assignees, or otherwise of the late Amelia Crouch, a/k/a Minerva Sewell and Minerva A. Sewell, and all other persons claiming any right, title, estate, or interest in the assets of said estate described in the Complaint, any unknown adults being as a class designated as John Doe, and any unknown infants or persons under disability, or persons in the military service being as a class designated as Richard Roe, Defendants.

(315 S. E. (2d) 114)

Supreme Court

412

A. *Camden Lewis* of *Austin & Lewis*, Columbia, *for defendants-appellants.*

*Daniel A. Speights*, Hampton, *for defendants-respondents.*

*Doyet A. Early, III*, Bamberg, *for plaintiff.*

*J. Wesley Crum*, Denmark, *for defendant.*

*Asst. Atty. Gen. Kenneth P. Woodington*, Columbia, *for Defendant—State of S. C.*

*Jack Vassallo*, Willingboro, N. J., *for defendant-Ofner.*

Heard March 19, 1984.

Decided April 18, 1984.

GREGORY, Justice:

This action was brought by the administratrix of the estate of Minerva Amelia Sewell Crouch (Minerva) who died intestate in Bamberg County in 1975. The sole issue on appeal is whether Minerva's mother, Nellie Josephine Lauterback (Josephine), born over a century ago, was legitimate or illegitimate. We affirm the order of the circuit court finding Josephine legitimate.

This is an action in equity where the master and the circuit judge are in disagreement; therefore, this Court may make findings in accordance with its own view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Appellants John Nevil Mason, Alan Keith Mason, Ronald Basil Mason, and Geoffrey Waller Mason are related to Minerva paternally, being Minerva's first cousins once removed. Respondents Isabelle Horvath, George McCullic,

Thomas Manning, Jr., and Helen Manning Smith are related to Minerva maternally. Mrs. Horvath and Mr. McCullic are cousins of Minerva. Mrs. Manning and Mrs. Smith are Minerva's first cousins once removed, and stand as representatives for their mother, Minerva's cousin, who died after Minerva's death. The Masons would inherit from Minerva's estate only if Minerva's mother were declared illegitimate; otherwise, respondents would inherit from the estate.

'A child is presumed to be legitimate until the contrary is shown. While the question of legitimacy has most frequently arisen, when marriage was claimed or proven, and the nonaccess of the husband or the validity of the marriage was at issue, the presumption of legitimacy was not limited to cases involving those questions. It has a wider application, and applies to every case where the question is at issue. If a former marriage is necessary to sustain the presumption, it will be assumed until contrary proof is given. In cases of conflicting presumptions, that in favor of legitimacy will prevail.' 7 C. J., 940.

'The presumption of the fact of legitimacy is one of the strongest known to the law, and it cannot be overthrown, except by evidence which is stronger.' *Id.*, 945.

*In re Russell's Estate*, 118 S. C. 420, 427, 110 S. E. 791 (1921).

This case involves the legitimacy of a lady born in late 1868, 1869, or 1870. The documentary evidence presented by both appellants and respondents is inconsistent. Names, ages, and places of birth changed frequently from document to document. Appellants' genealogist testified it was not uncommon for persons to change names or fudge a little on their ages.

For the Masons to prevail, they must show Josephine was not the daughter of Charles Lauterback nor was she the daughter of a previous husband of Mary Hulfish Lauterback.

The Masons concede Josephine was *held out* to be the daughter of Charles and Mary Hulfish Lauterback but contend: (1) Josephine was born in late 1868 or early 1869; (2) Josephine's mother, Mary Hulfish, married Charles Lauterback in 1875; (3) Charles Lauterback immigrated to the United States from Prussia in 1869; (4) there is no evidence that Josephine's mother was married at the time of Josephine's birth; (5) therefore, Josephine was illegitimate.

The Masons assert their key proof that Charles was not in the United States at the time Josephine was conceived is his petition for citizenship filed in October 1874, which states he has been in the United Stated for "about five years." They searched ships' records until they reached an entry for one Carl Lauterback[1] on the passenger list of the ship *Christal* which arrived in the United States in May 1869. However, this "key document," the citizenship petition, shows Charles Lauterback entered the United States under the age of eighteen, and the *Christal's* passenger list showed Carl Lauterback's age was twenty-two years. Thus, their proof was that Charles was not Josephine's natural father contains inconsistencies and is not strong evidence of illegitimacy.

Respondents sought to supplement the record with the passenger list of the ship *Union* which arrived in the United States in June 1867, and which showed one Carl Lauterback, age sixteen, as a passenger. The circuit judge found it unnecessary to supplement the record because the Masons had not presented sufficient proof of Josephine's illegitimacy.

We are of the opinion the Masons' evidence was insufficient to show Josephine was not the daughter of Charles and Mary Lauterback. However, even if their proof had been sufficient, they presented no evidence to prove Mary had not been married to a former husband at the time of Josephine's birth. And, as stated in *In re Russell's Estate, supra*, if a former marriage is necessary to sustain the presumption of legitimacy, it will be assumed until proven otherwise.

The order of the circuit is

*Affirmed.*

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.

---

[1] Carl is the German equivalent of Charles.