## 0541

FIRST CITIZENS BANK AND TRUST COMPANY OF SOUTH CARO-
LINA, Respondent, v. OVERLOOK, INC., Burwell D. Manning, Jr., and
Victory Savings Bank, Defendants, of which Overlook, Inc., and Burwell
D. Manning, Jr., are Appellants. Appeal of OVERLOOK, INC., and
Burwell D. Manning, Jr.

(334 S. E. (2d) 146)

Court of Appeals

*Gerald D. Jowers,* Columbia, *for appellants.*

*Ralph C. Robinson, Jr.,* Columbia, *for respondent.*

Heard June 17, 1985.

Decided Aug. 21, 1985.

SHAW, Judge:

Respondent First Citizens Bank and Trust Company of
South Carolina brought this action seeking a judgment of
foreclosure and judicial sale of a tract of land mortgaged by
appellant Overlook, Inc., the mortgage being guaranteed by
the owner of the land and president of Overlook, appellant
Burwell D. Manning, Jr. Upon entry of a deficiency judg-
ment, the appellants applied for an order of appraisal pur-

suant to S. C. Code Ann. § 29-3-680 (1976). The circuit court confirmed the majority report of the board of appraisers. We affirm.

When "an action at law ... tried without a jury [is appealed,] the findings of fact of the judge will not be disturbed ... unless found to be without evidence which reasonably supports [them]." *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976). Thus this court cannot weigh the evidence.

First Citizens promised to lend $181,000 to Overlook. The corporation and Manning executed a mortgage on a fifteen acre tract to the bank. First Citizens brought this action to foreclose; following a judicial sale it obtained a deficiency judgment of $159,000, and Overlook and Manning obtained an order of appraisal. The two majority appraisers swore a return the true value of the tract was $18,000; however, the minority appraiser swore an affidavit the true value of the land was $187,500

On appeal from the board of appraisers to the circuit court, First Citizens objected to Manning's offer to testify regarding deposits of granite and other minerals on his tract. The minority appraiser testified he based his valuation on the evidence of granite and sand deposits. The majority testifed they considered numerous factors, including the mineral report. The trial judge sustained the bank's objection, finding Manning's testimony would be cumulative. On appeal to this court Overlook and Manning argue the trial judge erred in his ruling. We disagree.

Section 29-3-720 provides in part as follows: "The board of appraisers ... shall ... value the mortgaged property and all or a majority thereof shall make a sworn return ... of the true value of the property ... taking into consideration sale value, cost and replacement value of improvements, income production, and all other proper elements which, in their discretion, enter into the determination of true value." Our review of the record convinces us the circuit court correctly found the appraisers "took into consideration" the listed elements.

Section 29-3-750 provides in part as follows: "The petitioner ... shall appeal from the return of the appraisers ... to the court having jurisdiction of the action or any judge

thereof, who shall hear the appeal without a jury in open court or at chambers upon affidavits or oral testimony as he deems advisable." According to this statute the trial judge was not required to take any testimony. Both the statute and our precedent give the trial judge discretion in admitting or excluding evidence. *See Cudd v. John Hancock Mutual Life Insurance Co.*, 279 S. C. 623, 310 S. E. (2d) 830, 833 (Ct. App. 1983). A review of the record convinces us the circuit court did not abuse its discretion in finding additional testimony would be cumulative.

Affirmed.

BELL and GOOLSBY, JJ., concur.