22404

Wilheim STEEGER, K. G., Appellant, v. OTTO ZOLLINGER, INC., Respondent.

(336 S. E. (2d) 870)

Supreme Court

*Judson K. Chapin, III,* and *Dwight F. Patterson, Jr.,* of *Perrin, Perrin, Mann & Patterson,* Spartanburg, *for appellant.*

*G. F. Abernathy* and *B. C. Terry*, of *Odom, Terry, Abernathy & Cantrell*, Spartanburg, *for respondent.*

Heard Oct. 21, 1985.

Decided Nov. 12, 1985.

HARWELL, Justice:

This is a law case which was referred to a Master by agreement of the parties. The Master found that the contract in question had been rescinded and therefore appellant Steeger was not entitled to receive damages under a breach of contract claim. Exceptions were taken to this finding and heard by the circuit court. The circuit court judge issued a short order stating:

> This action for Breach of Contract was, by consent of the parties, referred to the Master for entry of final judgment. The Master found for the defendant. The matter is now before the court on exceptions.
>
> I have applied the same standard of review that I would have had this been an action in equity referred to the Master for his finding of fact and recommendation of law.
>
> I concur with the Master in his finding that the parties mutually agreed to cancel the contract and that this agreement was legally binding.
>
> All exceptions are overruled and the Master's Order is confirmed in each and every particular.

The appellant contends that the circuit court erred in its review of the Master's Order by not making its own findings of fact in accordance with the preponderance or greater weight of the evidence based on its independent examination of the record from the hearing before the Master and by not setting forth its own findings of fact and the evidence on which those findings of fact were based. In the present case, it is not necessary for us to address the issue of whether or not the circuit court exercised the proper standard of review. Regardless of the scope of review exercised by the circuit court, in order for this Court to affirm the circuit court's judgment, there must be evidence which reasonably supports the judge's findings. *Townes As-*

*sociates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We have carefully searched the record in this case and find that there is no evidence to reasonably support the conclusion that the contract was rescinded.

The evidence does support a finding that the respondent offered to rescind the contract. For that offer to have matured into an agreement, however, there must have been an acceptance by the appellant. There is no evidence in the record which could reasonably support a finding that appellant accepted the respondent's offer to rescind the contract.

Uncontroverted evidence reveals that the original contract price agreed upon by the appellant and the respondent for the four machines was DM 166,508. When the respondent refused to accept delivery, the appellant mitigated its damages by selling the machines to another company for DM 136,168. The appellant incurred DM 2,157.6 in costs due to the respondent's breach. Appellant was thereby damaged in the amount of DM 32,497.6 which, when converted to United States dollars, is $17,870.43.

The judgment of the lower court is reversed and judgment is entered for the appellant against the respondent in the amount of $17,870.43.

Reversed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.