0595

John C. TAYLOR, Jr., and Lee Brown Taylor, Appellants, v. HONEA PATH, a municipality located in Anderson County, South Carolina, Respondent.

(338 S. E. (2d) 638)

Court of Appeals

*Jack F. McIntosh*, of *McIntosh, Threlkeld & Sherard*, Anderson, *for appellants.*

*Jimmy R. King* and *Bruce A. Byrholdt*, of *Chapman, King and Byrholdt*, Anderson, *for respondent.*

Heard Oct. 14, 1985.

Decided Dec. 5, 1985.

SHAW, Judge:

Appellants John C. Taylor, Jr. and Lee Brown Taylor brought this action seeking a court determination that they are entitled to possession of certain disputed property and that respondent municipality Honea Path has no interest in the property. The Taylors also sought money damages. Honea Path answered and counterclaimed for a judgment declaring its interest superior and sought to enjoin the Taylors from further interference with the town's possession. The master in equity found for Honea Path and the circuit court affirmed. The Taylors appeal. We affirm.

In equity cases tried first by a master or special referee, whose findings are concurred in by a circuit judge, the concurrent findings will not be disturbed by the Appeals Court unless they are without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The Taylors own certain property in Honea Path subject to an easement owned by Southern Railway Company. The Taylors received the property in separate deeds from C. Thomas Tolly on March 29, 1956 and John C. Taylor, Sr. on December 20, 1955.

On November 12, 1980, Southern Railway executed an agreement with Honea Path granting the town the right to build a public parking lot on the easement. The Taylors contend Southern Railway's easement is derived from and defined in an 1845 statute entitled "An Act to Authorize the Formation of the Greenville and Columbia Railroad Company" published in *Statutes at Large of the State of South Carolina,* Vol. II pages 324-331. The statute provides for an easement covering one hundred feet on either side of the center of the railroad. However, the statute limits use of the easement to railroad purposes only. Thus, the Taylors argue Southern Railway has no authority to execute an agreement whereby the city may use the easement for a public purpose.

Honea Path contended at trial Southern Railway's easement derives from two right of way agreements granting the railway a right of way for all railroad purposes and all other commercial purposes. However, at oral arguments, Honea Path conceded the agreements are inapplicable to the subject property and the 1845 statute governs.

The master found the two right of way agreements governed and the Taylors appeal this finding. In view of Honea Path's concession and the master's finding his ruling would remain the same under the 1845 statute because the parking lot does serve railroad purposes, we do not address the Taylors' appeal on this issue.

The dispositive issue is whether a municipal parking lot is consistent with the limited use allowed by the 1845 statute; that use being for railroad purposes only. This parking facility will serve the public and in turn community merchants including the railway. The facility will also serve the railway's main customers, two local industries. Thus, we find the parking lot is not inconsistent with railway purposes and does not violate the 1845 statute.

Honea Path is a grantor in the chain of title of both deeds by which the Taylors attained their property. The Taylors claim the trial court erred in finding they may not sue Honea Path for breach of a general warranty in the Taylors' deeds. The Taylors claim Honea Path warranted to protect their enjoyment of the property against the easement holder. Having found the parking lot consistent with Southern Railway's right of way, we need not address this issue.

Finally, we deem the Taylors' remaining assignments of error to be manifestly without merit. S. C. Code Ann. § 14-8-250 (1976) as amended.

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting J., concur.