496

0822

Laura C. NICHOLS, Appellant v. Conrad F. COOLIDGE, d/b/a/ Country
Place Group, Respondent.

(351 S. E. (2d) 574)

Court of Appeals

*Robert L. Jackson,* of *Jackson & Jackson,* Columbia, *for
appellant.*

*Hutson S. Davis, Jr.,* of *Barnes, Davis & Tupper,* Beaufort,
*for respondent.*

Heard Sept. 24, 1986.

Decided Dec. 1, 1986.

SHAW, Judge:

Appellant, Laura C. Nichols, brought this action seeking
to collect real estate commissions she alleges she is entitled
to from respondent, Conrad F. Coolidge, d/b/a Country
Place Group. The trial court, following a nonjury trial on the
merits, dismissed the complaint. Nichols appeals and we
affirm.

In an action at law, tried before a judge without a
jury, the findings of fact will not be disturbed unless
they are without any evidentiary support. *Townes
Associates, Ltd. v. The City of Greenville,* 266 S. C. 81, 221
S. E. (2d) 773 (1976).

Nichols, a licensed real estate agent and broker, ■ worked as a sales agent for Country Place Group, a brokerage firm owned by Coolidge, from September or October of 1981 until January of 1983. During this time, Cotton Hope Associates, a limited partnership, hired Country Place Group to sell condominiums then under construction on Hilton Head Island. Cotton Hope's general partner was the Carolina Bay Company, of which Coolidge was a part owner. Cotton Hope's limited partner was Edwin L. Jackson, d/b/a Northwest Preferred Limited.

Cotton Hope's condominiums were sold by Country Place Group and Northwest Preferred Limited. However, the sales were designated separately according to which broker secured the contract. In October of 1981, Northwest Preferred Limited ceased to have a sales force on Hilton Head. Prior to leaving Hilton Head, Northwest Preferred Limited had negotiated, but not closed, a number of preconstruction sales. Nichols worked to "hold in place" these contracts entered into by Northwest Preferred Limited's agents. Nichols now seeks the commissions on these sales.

The trial court dismissed Nichol's complaint after finding she failed to prove Country Place Group is responsible to her for commissions on the sales negotiated by Northwest Preferred Limited. Nichols' appeal is based on her assignments of error to the trial judge's factual findings. We hold, while the trial judge's order contains some harmless errors, the record supports his substantive findings, and we affirm.

Nichols stipulates Country Place Group never received any commissions from the sales negotiated by Northwest Preferred Limited. She argues, however, Coolidge agreed to diverting commission funds to the construction company and various accounts payable of Cotton Hope Associates. However, Coolidge was acting as agent for the Carolina Bay Company at that time. Nichols did not name the Carolina Bay Company or Coolidge individually in this suit, even though the record shows Nichols knew she was to look to the Carolina Bay Company for any commissions due her on the sales in this dispute. She received a letter to this effect from Arthur C. Shultz, Carolina Bay's President, upon her leaving Country Place Group.

Furthermore, the record supports the trial judge's finding that Country Place Group never indicated any intention to

pay Nichols for work she did on behalf of Northwest Preferred Limited.

Finally, Nichols argues Coolidge is individually responsible for the commissions because he allegedly acted improperly in agreeing, on behalf of Carolina Bay, to diverting commission funds to pay other debts. This argument fails because, as noted earlier, Nichols did not name Coolidge individually or in his representative capacity with Carolina Bay.

Affirmed.

SANDERS, C. J., and LITTLEJOHN, A. J., concur.