1904

WATSON & HOWELL BUILDERS, a South Carolina General Partnership, Appellant v. Jack S. BILLINGSLEY and Patti A. Billingsley, and Branch Banking and Trust Company, Defendants, of whom Jack S. Billingsley and Patti A. Billingsley are Respondents.

(424 S.E. (2d) 43)

Court of Appeals

*Robert M. Ariail,* Greenville, *for appellant.*

*Ray D. Lathan,* Greenville, *for respondents.*

Heard Oct. 7, 1992.

Decided Nov. 30, 1992.

GARDNER, Judge:

Watson & Howell Builders (the Builder) filed a Complaint and Lis Pendens seeking foreclosure of a mechanic's lien on a custom home they had been hired to build. Jack and Patti Billingsley (the Billingsleys) counter-claimed for recovery of overpayment. The matter was referred to the Master for a final order, with direct appeal to the Supreme Court. The Master found in favor of the Builder, but offset the award for overcharges and ordered the Builder to repair certain items. We affirm in part and remand in part.

Foreclosure of a mechanic's lien is an action at law. *Glover v. Lewis,* 299 S.C. 44, 382 S.E. (2d) 242 (Ct. App. 1989). In an action at law, tried without a jury, the trial court's findings of fact will not be disturbed on appeal if there is any evidence to support them. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

The builder contends that the Master erred by not explicitly finding whether the agreement between the parties was a fixed-price or cost-plus contract, and further argues that the trial court implicitly found a cost-plus contract.

The issue, in this case, is not whether the parties agreed to a cost-plus or fixed-price contract, but as the appealed order states, "[t]he real dispute . . . [is] the cost of the changes."

The Builder argues that if the Master had determined the contract was cost-plus, then it would be entitled to recover all costs, plus a fixed fee. This is not necessarily so:

> An agreement to do work on a cost-plus basis does not mean that one has the right to expend any amount of money he may see fit upon the work, regardless of the propriety, necessity, or honesty of the expenditure, and then compel repayment by the other party, who has confided in his integrity, ability, and industry. Indeed, in any cost-plus contract there is an implicit understanding between the parties that the cost must be reasonable and proper. 17A Am. Jur. (2d), *Contracts*, § 508 (1991).

We hold that the evidence supports the Master's finding that it is not necessary to decide which type of contract the parties had agreed upon because, as the former Chief Judge of the Court of Appeals, Alex Sanders, once wrote, "[W]hatever doesn't make any difference, doesn't matter." *McCall v. Finley*, 294 S.C. 1, 362 S.E. (2d) 26 (Ct. App. 1987). Accordingly, we affirm the Master's findings on this issue.

Next, the Builder argues that, based on the assumption that the Master implicitly found that the parties agreed to a cost-plus contract, the offsets awarded by the Master to the Billingsleys were inconsistent with his order that the Builder was entitled to recover. We hold that the Builder's argument is based on a faulty premise, i.e., that the Master implicitly found a cost-plus contract. We do not accept this faulty assumption, and hold that the award of the offsets was not inconsistent with the Master's other findings.

The Master awarded the first offset for defective arches. The Builder alleges that problems with the arches were not a natural and proximate result of the alleged breach of contract involved in the construction of the Billingsleys' house, and therefore, were special damages and were not specifically pleaded. Rule 8(a) of the S.C. Rules of Civil Procedure determines the sufficiency of a pleading and requires, in pertinent part:

> (2) a short and plain statement of the facts showing that the pleader is entitled to relief, and (3) a prayer or demand for judgment or the relief to which he deems himself entitled. *Id.*

The Billingsleys' counterclaim alleges, "In addition to the enumerated problems above, there are other problems which should and need to be corrected by the Plaintiff." As an integral part of the house, we hold the evidence supports the Master's inclusion of the arches in "other problems which should and need to be corrected." The counterclaim also properly states the relief to which the Billingsleys are entitled; "[T]he Defendants ask that ... the house be completed as contracted for ... or that judgment be given against the Plaintiff in an amount adequate to complete the house." We, accordingly, hold that there is evidence of record to support the Master's findings that damages, including the arches, were properly before the trial court.[1]

In the case of the second offset for excessive painting charges, we find no support for the Master's calculations. The Master's first order makes a 35 percent reduction by giving a $7,000.00 offset for the $20,000.00 difference between the perceived bid and the actual cost figures. His second order makes a 73 percent reduction by awarding a $5,500.00 offset for the $7,575.00 difference between the amended bid of $9,257.00 and actual cost of $16,832.00. There is no evidence of record to support the significant difference between the two offsets. We, accordingly, remand the case to the Master for a new determination on the offset for the excessive painting charges.

We hold that, on these facts, it was unnecessary for the Master to determine whether the parties agreed to a cost-plus or fixed-price contract. Additionally, we hold that the evidence supports the offset awarded by the Master for the defective arches. We hold that there is no evidence to support the Master's findings on damages for the excessive painting charges, and accordingly, remand that issue for a further determination of those charges.

Affirmed in part and remanded in part.

GOOLSBY, J., and LITTLEJOHN, Acting J., concur.

---

[1] Additionally, we note that there exists in every construction contract an obligation to perform in a workmanlike manner. *Tharpe v. G.E. Moore Co.*, 254 S.C. 196, 174 S.E. (2d) 397 (1970).