THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John Doe,       
Appellant,
 
 
 

v.

 
 
 
Courtney M. Fisher, M.D.,       
Respondent.
 
 
 

Appeal From Charleston County
Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No. 2003-UP-745
Heard November 6, 2003  Filed December 
 17, 2003

AFFIRMED

 
 
 
Gary Lane Cartee, of N. Charleston, 
 for Appellant.
Elliott T. Halio, of Charleston, for Respondent.
 
 
 

BEATTY, J.:  Former patient sued his operating 
 physician for negligence in connection with a failed surgery.  The jury found 
 for the physician.  The patient appeals, arguing that the circuit court judge 
 erred in preventing him from making the closing argument that the physician 
 falsified the medical records.  We affirm.  
FACTS
John Doe had a PSA blood-screening test 
 for prostate cancer at his family health center.  Because the PSA level was 
 elevated, he was referred to Dr. Courtney Fisher, a urologist, for further evaluation.  
 Does medical records from the health center stated that Doe had complained 
 of painful intercourse.  
During their third visit, Fisher informed Doe that 
 Doe did not have prostate cancer, but the two discussed other problems Doe was 
 having. Fishers notes indicate that Doe was suffering from erectile dysfunction 
 and curvature of the penis. After their discussion, Fisher and Doe decided that 
 Doe would have penile implant surgery. Doe signed a release indicating that 
 he understood the nature and extent of the surgery to be performed. After the 
 surgery, Doe did not heal properly, the implant did not work, and Doe was rendered 
 completely impotent after the implant was removed. Doe sued Fisher for negligence.  

Doe testified at trial that he had had 
 an active sex life with his wife prior to the implant surgery. He denied ever 
 informing Fisher that he was impotent. Doe stated that he discussed occasional 
 premature ejaculation with Fisher and that he believed that the surgery was 
 necessary to correct that problem. Doe admitted signing a release form prior 
 to his surgery, but he claims that the form was blank when he signed it and 
 that the procedures to be performed were not listed on the document until after 
 it was signed. Doe claimed that he did not know what the surgery entailed and 
 that he would not have proceeded with the surgery had he been properly informed 
 of the risks.  
Fisher testified that Doe complained of impotence 
 at their consultation before they discussed the possibility of implant surgery. 
 Fisher stated that he informed Doe of the risks and complications associated 
 with implant surgery. Fisher testified at his deposition that he discussed using 
 Viagra with Doe prior to surgery, but admitted at trial that Viagra was not 
 available for public consumption in 1996. Fisher testified at trial that he 
 actually discussed Viagra-like drugs with Doe and misspoke when he used the 
 term Viagra in his deposition. Does medical records in Fishers handwriting 
 were transcribed, and Doe submitted Fishers transcribed notes to the court.  
 Fishers notes from tests performed on Doe described Does symptoms as impotence 
 and an inability to achieve an erection.  
The jury found for Fisher. Doe appeals.  

STANDARD 
 OF REVIEW
On appeal in an action at law tried by a jury, 
 the jurisdiction of the appellate court extends merely to correction of errors 
 of law. Rogers v. Norfolk S. Corp., 343 S.C. 52, 59, 538 S.E.2d 664, 
 668 (Ct. App. 2001) (citing Townes Assocs. v. City of Greenville, 266 
 S.C. 81, 85, 221 S.E.2d 773, 775 (1976)). 
 I.  FALSIFICATION 
 CLAIM
Doe asserts that the trial judge erred by refusing 
 to allow him to argue in his closing that Fisher falsified Does medical records. 
 We disagree.  
It has long been settled that closing arguments 
 and objections thereto are left largely to the sound discretion of the trial 
 judge who is on the scene and in much better position than an appellate court 
 to judge as to what is improper argument under the circumstances. Wall 
 v. Keels, 331 S.C. 310, 321, 501 S.E.2d 754, 760 (Ct. App. 1998) 
 (citing Howle v. PYA/Monarch, Inc., 288 S.C. 586, 599, 433 S.E.2d 157, 
 164 (Ct. App. 1986)).  Such decisions will not be disturbed absent clear abuse 
 of discretion amounting to an error of law. Carlyle v. Tuomey Hosp., 
 305 S.C. 187, 192, 407 S.E.2d 630, 632 (1991) (citing Hofer v. St. Clair, 
 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989). Moreover, [p]roof that an error 
 caused the appellant prejudice is a prerequisite to reversal based on error 
 where the trial courts discretion is involved. Id. 
Doe maintains that the evidence supports his argument 
 that Fisher falsified the medical records because Fishers notes indicated that 
 Doe was impotent, while other medical records and Does testimony contradicted 
 that assessment. The trial judge ruled that Doe was free to attack Fishers 
 credibility in the reply argument, but could not say to the jury that Fisher 
 had knowingly testified falsely or altered records. The trial judge explained 
 that Doe was trying to interject issues at closing that [he] didnt even raise 
 during the trial. 
Doe himself, without reservation or qualification, 
 introduced a typed copy of Fishers handwritten notes into evidence. Doe raised 
 no objection. Neither did Doe cross-examine Fisher about the possible falsification 
 of Does medical records while Fisher was on the stand.  Thus, we cannot say 
 that the trial judge erred as a matter of law in excluding the falsification 
 claim. 
Moreover, Doe has failed to demonstrate how the 
 exclusion of the falsification claim has harmed him. Admittedly, a plaintiff 
 has the right to respond in full in the reply closing, but he may not, in general, 
 introduce any new matter in that reply. Rule 43 (j), SCRCP. Here, Doe first 
 raised the falsification claim during his reply argument but in no apparent 
 response to Fishers closing. Doe contends that the trial court should have 
 allowed him to argue falsification to the jury because the evidence supported 
 the claim. Doe argues that (1) his testimony of an active sex life prior to 
 the surgery; (2) his testimony that he signed a blank consent form that did 
 not list correction of his curvature as a reason for surgery; (3) other medical 
 records indicating Doe was having intercourse; (4) the contradiction in Fishers 
 testimony at trial and his testimony at his deposition that he discussed Viagra 
 with Doe, all support the falsification claim. While all of this evidence contradicts 
 Fishers notes and testimony, it merely raises a question of credibility. 
Because Doe first raised the falsification claim 
 during his reply argument and not earlier, and because Doe failed to show how 
 he was harmed, we decline to reverse the verdict. The trial judge did not abuse 
 his discretion in not allowing Doe to argue the falsification claim to the jury.  

II.  RECORD OF CLOSING ARGUMENTS
The trial transcripts did not contain the opening and 
 closing arguments of either party. Instead, there was a notation that both parties 
 had waived the recording of those portions. Doe admits that he waived the recording 
 of opening statements, but he does not recall waiving the recording of closing 
 statements.  He argues that despite the lack of an exact transcript of closing 
 arguments, the record is adequate for the determination of his issue on appeal.  
 Doe requests that the Court remand the matter to be supplemented, should we 
 find that the record inadequate.
We agree that the record is adequate for 
 a determination of the issue on appeal.  The recorded bench conference fully 
 apprises us of Fishers objection to Does reply closing, of the grounds for 
 the objection, and of the trial judges ruling on the objection. Doe does not 
 argue that his falsification claim was in response to anything Fisher argued 
 in closing arguments.  Therefore, it is not necessary to see a full transcript 
 of the closing arguments. This Court declines to remand the case for supplementation 
 since the record contains a full discussion of the issue.  
CONCLUSION
Based on the foregoing, the jurys verdict 
 for Fisher is 
AFFIRMED.
Goolsby and Huff, JJ., concur.