THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Frankie Bales and Sandra Bales, Respondents,
v.
Robert Judelsohn, Appellant.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No.  2005-UP-509
Submitted June 1, 2005  Filed August 30, 2005 

AFFIRMED AS MODIFIED

 
 
 
Jay S. Masty, of Goose Creek, for Appellant.
Mark Andrew Redmond, of Charleston, for Respondents.
 
 
 

PER CURIAM:  Frankie and Sandra Bales brought an action against Robert Judelsohn after Judelsohns dog injured their dog.  The jury found for the Bales.  Judelsohn appeals.  We affirm as modified.[1]
FACTS
 In September 2000, Judelsohns dog was involved in a fight with the Bales dog.  Unfortunately, the Bales dog was injured in the fight and had to be treated for various injuries, incurring a $1,258.10 veterinary bill.  The Bales brought an action seeking damages for reimbursement of the veterinary bill, lost wages, and emotional injuries.  The jury found Judelsohn liable for $5,000 in damages.  This appeal followed.
LAW/ANALYSIS
 Judelsohn argues the trial court erred by submitting the issues of emotional damages and lost wages to the jury.  We agree.
 In an action at law, on appeal of a case tried by a jury, the jurisdiction of this court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jurys findings.  Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976).
 We have not found any jurisprudence in South Carolina that addresses damages resulting from an injury to a pet.  However, a limited number of cases decided throughout the United States have considered what damages are recoverable due to injuries to a dog.  Typically, the courts have limited the award of damages to the dogs market value in view of the general recognition of dogs as personal property.  4 Am. Jur. 2d Animals §§ 6 and 165 (1995); see State v. Langford, 55 S.C. 322, 33 S.E. 370 (1899). 
 A New York case, with facts similar to the case sub judice, held that the owner of a cat could not recover for mental distress after seeing it attacked by a dog because the dogs owner was not grossly negligent and did not willfully intend to cause the distress.  Buchanan v. Stout, 108 N.Y.S. 38 (N.Y. App. Div. 1908).  Any recovery of damages, the court concluded, would be limited to the pecuniary loss to the owner resulting from the death of her cat.  Id.;  but see 
 Peloquin v. Calcasieu Parish Police Jury, 
 367 So.2d 1246, 1251 (La. Ct. App. 1979) (holding that an owner of a animal may sue for damages for conversion thereof and damages may include awards for mental anguish, humiliation, etc. as well as special and/or actual damages.); 4 Am. Jur. 2d Animals § 164 at 508 (1995) (stating that [a]lthough recovery has been denied for claims based upon sentimental or fanciful value placed on animals, damages for mental distress are a proper item of recovery for death or injury to animals such as . . . dogs, provided that the owner presents sufficient evidence of emotional distress.). 
 Therefore, we hold that South Carolina law does not support a cause of action for emotional distress for injury to ones pet.  Furthermore, we hold that a claim for lost wages resulting from injury to an animal is not actionable because a dog is considered personal property under our law.  Thus, we modify the trial courts judgment, awarding damages only for reimbursement of veterinary expenses in the amount of $1,258.10.
 AFFIRMED AS MODIFIED.
 HEARN, C.J., BEATTY, and SHORT, J.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.