THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joann A. Elmore, Appellant,
v.
Elmore-Hill-McCreight Funeral Home, Inc., Respondent.
 
 
 

Appeal From Sumter County
 Linwood S. Evans, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-225
Submitted March 1, 2006  Filed April 25, 2006

AFFIRMED

 
 
 
Dana Allen Morris, of Camden, for Appellant.
George C. James, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM:  In this corporate freeze-out action, Joann Elmore appeals a Master-In-Equitys finding that the majority shareholders conduct was not oppressive or unfairly prejudicial towards her as a minority shareholder in a close corporation.  
Specifically, Mrs. Elmore asserts the majority shareholders in Elmore-Hill-McCreight Funeral Home, Inc. acted oppressively and/or unfairly prejudicial towards her as a minority shareholder by paying themselves salaries and dividends that exceed an amount commiserate with the duties they performed on behalf of the funeral home.  Based on this assertion, Mrs. Elmore sought, inter alia, an accounting and dissolution of the corporation or, in the alternative, an order requiring the funeral home to purchase her shares of stock.  We affirm.
Our scope of review for a case heard by a Master-in-Equity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury.  Tiger, Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).  This court may review the evidence to determine facts in accordance with our own view of the preponderance of the evidence.  See Townes Assocs. Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  While this permits us a broad scope of review, we do not disregard the findings of the Master, who saw and heard the witnesses and was in a better position to evaluate their credibility.  Tiger, 301 S.C. at 237, 391 S.E.2d at 543.
After a thorough review of the record, we find no error in the Masters ruling denying Mrs. Elmore her requested relief.  We base this decision on the evidence and testimony in the record and the following authorities: S.C. Code Ann. § 33-14-300  310 (2006) (delineating grounds and procedures for judicial dissolution of a corporation); Kiriakides v. Atlas Food Systems & Services, Inc., 343 S.C. 587, 541 S.E.2d 257 (2001) (articulating that the definition of oppression is best left to judicial construction based on a case-by-case analysis of the fact-specific circumstances in each case).
AFFIRMED.[1]
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.