**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ashley River Properties II, LLC, as assignee of Lunar Systems, LTD and Ashley River Properties II, LLC, in its own right, Respondents,

v.

Ashley River Properties One, LLC, successor in the interest to Ripley Light Yacht Club, LLC and Ripley Light Development, LLC,

Of whom Ashley River Properties One, LLC is the Appellant.

Ashley River Properties One, LLC, Third-Party Plaintiffs, Appellant,

v.

Lunar Systems, LTD and Thomas J. Lussier, Third-Party Defendants, Respondents.

Appellate Case No. 2013-001984

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-184
Submitted March 1, 2015 – Filed April 8, 2015

**AFFIRMED**

Clayton B. McCullough and Ross A. Appel, both of
McCullough Khan, LLC, of Charleston, for Appellant.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP,
of Mount Pleasant, for Respondents Lunar Systems and
Thomas J. Lussier.

William C. Cleveland, III, of Womble Carlyle Sandridge
& Rice, LLP, of Charleston, for Respondent Ashley
River Properties II.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 31, 567 S.E.2d 881, 897 (Ct. App. 2002) ("[T]he proper action against a maliciously filed lis pendens is under abuse of process or malicious prosecution."); *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."); *id.* at 370-71, 756 S.E.2d at 133 ("The first element, an ulterior purpose, exists if the process is used to secure an objective that is not legitimate in the use of the process." (internal quotation marks omitted)); *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 74, 567 S.E.2d 251, 255 (Ct. App. 2002) ("An allegation of an ulterior purpose or 'bad motive,' standing alone, is insufficient to assert a claim for abuse of process."); *id.* at 75, 567 S.E.2d at 256 ("[T]he ulterior purpose allegation must be accompanied by an allegation that the process was misused by the undertaking of

the alleged act, not for the purpose for which it was intended but for the primary purpose of achieving a collateral aim.").[1]

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] In view of our holding, we need not address Appellant's remaining issue about damages. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.