564 S.E.2d 691

Peter H. ARNOTI, Justin B. Arnoti, Ben D. Campbell,
and Barbara N. Campbell, Respondents,

v.

Darryl L. LUKIE and Ketekash Crump–Lukie, Appellants.

No. 3507.

Court of Appeals of South Carolina.

Submitted March 25, 2002.

Decided June 3, 2002.

Robert E. Stepp, of Sowell, Gray, Stepp & Laffitte, of Columbia, for appellants.

Charles M. Watson, Jr., of Greenwood, for respondents.

GOOLSBY, Judge:

The Arnotis and the Campbells (collectively, "Neighbors") brought this action against the Lukies to enforce a restrictive covenant prohibiting modular homes in their subdivision. The trial judge granted Neighbors an injunction, and the Lukies appeal. We affirm.

## FACTS

The parties to this action all own lots in the Baywood Subdivision of Greenwood County. Lots in the subdivision are subject to restrictive covenants, which provide in pertinent part: "No modular homes or mobile homes are permitted in the subdivision."

The restrictive covenants were recorded in the office of the Clerk of Court for Greenwood County on May 31, 1991 at Deed Book 360, page 634. The covenants contain a provision stating they are to remain in force "unless an instrument signed by the then owners of three-fourths (¾) of the lots is recorded, agreeing to change said covenants and restrictions in whole or in part." The covenants further provide all lot owners in the subdivision have the right to enforce compliance with the restrictions by seeking an injunction.

In May 1999, the Lukies purchased two adjacent lots in the Baywood Subdivision for $36,000. The Lukies admittedly were given a copy of the restrictive covenants at the time they purchased the lots, and they were aware of the prohibition on modular homes.

The Lukies considered having a "stick built" or "site built" home constructed on the larger of the two lots, but discovered the price would be anywhere from $120,000 to $150,000. However, they found they could have a comparably-sized modular home [1] installed for around $75,000. The Lukies decided to proceed with installing a modular home due to its lower cost.

The Lukies obtained a building permit on July 22, 1999. Shortly thereafter, the foundation was poured and the home was delivered to the site for installation. When Neighbors became aware of the Lukies' plan to install a modular home, they brought this action for an injunction in August 1999.[2] The day after the action was filed, Mr. Campbell personally delivered to Mr. Lukie an envelope containing a copy of the complaint. Mr. Lukie admits receiving the envelope and taking it to his attorney, but states he never opened it. The Lukies continued their work on the home although they knew this lawsuit was pending.

After a bench trial, the judge concluded the Lukies' modular home violated the restrictive covenants of the Baywood Subdivision. The judge granted Neighbors' request for a permanent injunction and ordered the Lukies to remove the modular home by October 18, 2001.

## STANDARD OF REVIEW

A suit seeking an injunction to enforce restrictive covenants is an action in equity.[3] On appeal of an equitable action tried by the judge alone, this Court may take its own view of the preponderance of the evidence.[4]

---

1. According to Mr. Lukie, a modular home is built elsewhere and then transported to the owner's lot, where it is installed on top of a foundation that is poured at the home site.

2. Neighbors' complaint initially sought an injunction and damages, but they subsequently limited their request to an injunction only.

3. *Taylor v. Lindsey*, 332 S.C. 1, 498 S.E.2d 862 (1998); *Gibbs v. Kimbrell*, 311 S.C. 261, 428 S.E.2d 725 (Ct.App.1993).

4. *Townes Assocs. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976); *see also Gambrell v. Schriver*, 312 S.C. 354, 440 S.E.2d 393 (Ct.App.1994).

## LAW/ANALYSIS

On appeal, the Lukies contend the trial judge erred in concluding their home was constructed in violation of the restrictive covenants, and that "the balance of the equities" requires reversal of the trial judge's ruling. We disagree.

At the bench trial, Neighbors Ben Campbell and Peter Arnoti testified they had purchased homes in the Baywood subdivision valued in excess of $200,000. Each stated that, although they have no grievance personally against the Lukies, they seek enforcement of the restrictive covenants in order to protect their investments as there are other persons desiring to install modular homes and mobile homes on lots in the subdivision, and they will proceed if the restrictive covenants are not enforced. Arnoti, in particular, testified that he was "more concerned about more than one mobile home being out there than just one" and that the prohibition on modular and mobile homes was a "[v]ery important" factor in his decision to purchase a lot in the Baywood Subdivision. Both Campbell and Arnoti testified there are no other modular homes in the subdivision.

Mr. Lukie admitted that he was aware of the restrictive covenants at the time he purchased the lots, and he was aware of the prohibition on modular homes. Mr. Lukie also acknowledged that he continued with the installation of the home even though he had actual knowledge of this lawsuit.

Mr. Lukie testified that he checked with the original developer of the subdivision, Abney Wallace, who told him he personally had no objection to modular homes, but he had sold his interest to "Brothers and Harrison," a real estate company in Greenwood County. After speaking to Wallace, Mr. Lukie spoke to "Dewey Brothers," which owned an interest, and they purportedly had no objections to the modular home. Mr. Lukie acknowledged at trial, however, that amendment of the restrictive covenants required the vote of three-fourths of the property owners, and conceded there was nothing in the covenants that gave the developers the right to change the provisions of the restrictive covenants.

The trial judge concluded the injunction should be granted. The judge found Neighbors built their homes in reliance upon the restriction that no modular homes or mobile homes would

be permitted, and noted their concern that other individuals would proceed with plans to install such homes if the covenants were not enforced. Although the judge acknowledged the Lukies will suffer a severe hardship if they are required to remove their modular home, the judge determined Neighbors do not have an adequate remedy at law. Further, the judge found the Lukies had actual knowledge of the prohibition on modular homes at the time they purchased their lots and they proceeded with the installation of the modular home even though they knew Neighbors had filed this lawsuit seeking an injunction.

The judge additionally observed that Mr. Lukie is a member of the Board of Zoning Appeals in Greenwood County and, based on his position and experience on the Board, "Mr. Lukie is well aware that he has to comply with applicable rules and that he has to follow proper procedures to obtain permission to vary from those rules." The judge stated although the subdivision developers apparently did not object to the Lukies' modular home, "there is nothing in the restrictions which allows amendments or variances by a developer. For that matter, neither developer even owns a lot in the subdivision." The judge observed, "Amendments to the restrictions require the signed, written approval of the owners of three-fourths (¾) of the lots. The Defendants had no right to rely on any statements by the developers concerning the installation of a modular home in violation of the restrictions." The judge rejected Mr. Lukie's argument that the property values of Neighbors had not decreased after the installation of his modular home, finding this fact was not determinative of whether Neighbors were entitled to relief because it was possible that Neighbors did not obtain the full increase in value they would have otherwise received.

On appeal, the Lukies assert the trial judge erred in finding their modular home violated the restrictive covenants "because under section 23–43–130 of the South Carolina Code of Laws (Supp.2000), their home is, in fact, a 'site-built' structure-a structure that is not expressly or impliedly prohibited by the Restrictions." The Lukies acknowledge this argument was never ruled on by the trial judge, but maintain it was argued at trial and raised in their motion to alter or amend the judgment.

Initially, we question whether this issue was preserved for review as Mr. Lukie admitted in his deposition and at trial that the home was a modular home. Although the Lukies did briefly assert at trial that section 23–43–130 required modular homes and mobile homes to be treated the same as site-built homes, they never argued the home was, in fact, a site-built home.

In any event, we find no merit to this assertion. Section 23–43–130, part of the South Carolina Modular Buildings Construction Act, provides in relevant part:

> Modular building units bearing evidence of approval must be acceptable in all localities as meeting the requirements of this chapter and must be considered and accepted equivalent to a site-built structure *as meeting the requirements of safety to life, health, and property imposed by any ordinance of any local government* if the units are erected or installed in accordance with all conditions of the approval.[5]

■ We conclude section 23–43–130 applies to the requirements imposed by local governments, primarily for the purpose of ensuring compliance with safety requirements, and the statute does not prohibit homeowners from agreeing on private restrictive covenants. Just as homeowners can agree to be bound by certain design requirements that would never be imposed by governmental authorities, they may also, for reasons of aesthetics or the maintenance of similar property values, contractually agree to restrict the installation of modular homes that would otherwise comply with local building requirements. Thus, the restrictive covenants of Baywood Subdivision are not invalidated by section 23–43–130.

We likewise reject the Lukies' contention that the restrictive covenants are ambiguous. This argument is without merit as the covenants expressly state that modular homes and mobile homes are prohibited, and the Lukies clearly understood this prohibition at the time they purchased their lots.[6]

---

5. S.C.Code Ann. § 23–43–130 (Supp.2001) (emphasis added).

6. *See Heape v. Broxton*, 293 S.C. 343, 345, 360 S.E.2d 157, 158 (Ct.App.1987) ("Where the language used in a restrictive covenant is unambiguous, there is no room for construction and the language must

■ Finally, to the extent the Lukies argue "the balance of the equities" requires reversal, we agree with the trial judge that, while removal of the completed home unfortunately will result in a hardship to the Lukies, it was caused by the Lukies' own actions in knowingly failing to either comply with the restrictions of the subdivision or seek, through proper means, an amendment of the restrictions. Accordingly, we affirm the trial judge's determination that the modular home violates the restrictive covenants of the Baywood Subdivision and that Neighbors are entitled to a permanent injunction requiring removal of the modular home.

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.

---

be enforced in accordance with its plain meaning."); *cf. Henry v. Chambron,* 304 S.C. 351, 404 S.E.2d 518 (Ct.App.1991) (noting a restrictive covenant's prohibition on mobile homes did not contain a clear intent to exclude modular homes).