THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON 
 AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Augusta S. Lawson,       
Appellant,
 
 
 

v.

 
 
 
Karen Irby,       
Respondent.
 
 
 

Appeal From Laurens County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-148
Submitted November 19, 2003  Filed 
 March 2, 2004 

AFFIRMED

 
 
 
Edward D. Sullivan and Katherine Carruth Link, of Columbia, for Appellant.
Andrew M. Jones, of Greenville, for Respondent.
 
 
 

PER CURIAM: Augusta Lawson appeals from 
 an order decreeing that a certain structure is a modular home and not a trailer. 
 We affirm.
FACTS     
Karen Irby bought a lot in the Green Acres subdivision 
 in 1999. That lot was subject to certain covenants and restrictions, one of 
 which stated [n]o structure of a temporary character (trailer, basement, tent, 
 shack, garage, barn, or other out-building) shall be used on any lot at any 
 time as a residence, either temporarily or permanently. In 2001, Irby attempted 
 to move a structure onto her lot. The structure was hauled into the Subdivision 
 in two pieces on transport trailers. Augusta Lawson, a homeowner in the same 
 subdivision, obtained a temporary restraining order against Irby. About a week 
 later, Lawson moved for a temporary injunction. The court granted the motion, 
 enjoining Irby from placing, constructing, and/or erecting her structure on 
 her lot. Following a non-jury trial, the court found as a matter of law, that 
 [Irbys] house is a modular home and that it is not temporary in nature. The 
 trial court vacated its previous order and denied Lawsons motion for a permanent 
 injunction. 
 ISSUES 

 (1)   Did the trial court err in finding 
 that the structure was not temporary and therefore not prohibited by the covenants? 
(2) Did the trial court err in admitting some of 
 Irbys exhibits?
(3) Did the trial court err in finding certain 
 facts?

ANALYSIS   
A suit seeking an injunction to enforce restrictive 
 covenants is an action in equity. Arnoti v. Lukie, 350 S.C. 177, 179, 
 564 S.E.2d 691, 692 (Ct. App. 2002). Therefore, this Court may take its own 
 view of the preponderance of the evidence. Id.
Lawson argues that the structure is a trailer because 
 it was carried to the subdivision in two parts, joinable in the middle; it can 
 easily be separated and moved again; and it looks like a trailer. Lawson also 
 points to Irbys purchase agreement that lists the structure as a Mobile/Manufactured 
 Home and cites the UCC as the law governing the transaction. 
 [1] For her part, Irby admits that her home was moved in two pieces and 
 has vinyl siding, but contends that such is not prohibited by Green Acres covenants. 
 Irby points to two houses in the subdivision that were moved there after being 
 erected elsewhere. More importantly, Irby testified that the State of South 
 Carolina had certified her home as modular. 
 [2] 
The South Carolina Modular Buildings Construction 
 Act provides, in part

Modular building units bearing evidence of approval 
 must be acceptable in all localities as meeting the requirements of this chapter 
 and must be considered and accepted equivalent to a site-built structure as 
 meeting the requirements of safety to life, health, and property imposed by 
 any ordinance of any local government if the units are erected or installed 
 in accordance with all conditions of the approval.

S.C. Code Ann. § 23-43-130 (Supp. 2001).
The Act has been interpreted to define 
 a modular home. See Henry v. Chambron, 304 S.C. 351, 352, 404 
 S.E.2d 518, 519 (Ct. App. 1991) (ruling that a modular home is one built off 
 site  transported to its intended location in as many as twenty sections  
 affixed permanently to the property that has been certified by the South Carolina 
 Building Code Council as a modular home). In contrast, a mobile home does not 
 undergo the same certification process as a modular home and it need not comply 
 with the standard building code applicable to site built homes. Furthermore, 
 there is no requirement that a mobile home be permanently affixed to the property. 
 Id. at 353, 404 S.E.2d 519.
Green Acres restrictions prohibit the 
 use of any structure of temporary character (trailer, basement, tent, 
 shack, garage, barn, or other out-building,) but they do not prohibit the use 
 of modular homes. Lawsons expert witness admitted that [b]ased on the States 
 criteria for what a modular home is, [Irbys house] would be a modular home. 
 Based on that testimony and other evidence, the trial court found that Irbys 
 home was not a trailer, but a modular home and was therefore permissible. That 
 conclusion is well supported by the record. See Taylor v. Lindsey, 
 322 S.C. 1, 4, 498 S.E.2d 862, 863 (1998) (explaining that words used in restrictive 
 covenants are to be given their common, ordinary meaning and that restrictions 
 as to the use of real estate should be strictly construed and all doubts resolved 
 in favor of free use of the property). We therefore decline to find otherwise.
The trial courts order is 
AFFIRMED.
Huff, Stilwell, and Beatty, JJ., concur.

 
 [1] It is unclear that Lawson presented that argument 
 at trial, though she introduced the document itself into evidence.

 
 [2] Irbys counsel tried to introduce an inspectors 
 certificate while cross-examining Lawsons expert witness, but Lawson objected 
 to the introduction of the document and the trial court sustained the objection. 
 Counsel then showed a document to Irby while she was on direct examination 
 purported to be a state certificate from her home, showing that the home was 
 modular. That document was not introduced into evidence. Lawson did not object 
 to the testimony, however.