THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte: Ralph
 DeMarco, Appellant,
 In re: 
 Audrey S.
 Dixon, William H. Stokes III, and Starling Odell Stokes Sr., Respondents,
 
 
 

v.

 
 
 
 Kershaw County, Respondent.
 
 
 

Appeal From Kershaw County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-231
 Heard February 16, 2012  Filed April 18,
2012 

AFFIRMED

 
 
 
 Patrick D. Partin, of Camden, for
 Appellant.
 Jonathan M. Robinson, J. Kennedy DuBose Jr.,
 Vincent A. Sheheen, and William B. Cox Jr.; all of Camden, for Respondents.
 
 
 

PER CURIAM:  This appeal arises out of an order
 denying Appellant Ralph DeMarco's motion to intervene following a bench trial
 in which DeMarco participated fully.  Respondents Audrey S. Dixon, William H.
 Stokes III, and Starling Odell Stokes Sr. initiated this action against
 Respondent Kershaw County to close Bill Stokes Road pursuant to section 57-9-10
 of the South Carolina Code (2006).  On appeal, DeMarco argues:  (1) his
 property abuts Bill Stokes Road; (2) he has a practical and substantial
 interest in this lawsuit; (3) he earned a prescriptive easement over Bill
 Stokes Road; (4) the trial court erred in closing the road where cigarette
 butts and beer cans pose a fire and safety hazard; (5) Bill Stokes Road
 constitutes an easement appurtenant to his property; and (6) the trial court
 erred in admitting hearsay testimony.  We affirm.
1. As to
 DeMarco's argument that the trial court erred in denying his motion to
 intervene pursuant to Rule 24, SCRCP, because he is a landowner with a
 practical and substantial interest in the subject matter of the road closing,
 we find the issue unpreserved for appellate review.  See Wilder Corp.
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (finding an issue must
 have been raised to and ruled upon by the trial court to be preserved for
 appellate review); Elam v. S.C. Dep't of Transp., 361 S.C. 9, 24, 602
 S.E.2d 772, 780 (2004) (noting a party must file a Rule 59(e), SCRCP motion "when
 an issue or argument has been raised, but not ruled on, in order to preserve it
 for appellate review"); In re Horry Cnty. State Bank, 361 S.C. 503,
 507, 604 S.E.2d 723, 725 (Ct. App. 2004) (noting the standard of review for a
 Rule 24(a)(2) motion to intervene is whether the trial court abused its
 discretion in granting or denying the motion);  S.C. Code Ann. § 57-9-10 (2006)
 (allowing "[a]ny interested person" to petition for the abandonment
 or closure of any public road and requiring notice of the petition be sent to
 all abutting property owners whose property would be affected by any change); Hoogenboom
 v. City of Beaufort, 315 S.C. 306, 319 n.6, 433 S.E.2d 875, 884 n.6 (Ct.
 App. 1992) ("The statute . . . allows 'any interested person' to petition
 a court to close or abandon a street."); Rule 24(a)(2), SCRCP ("Upon
 timely application[,] anyone shall be permitted to intervene in an action . . .
 when the applicant claims an interest relating to the property or transaction
 which is the subject of the action and he is so situated that the disposition
 of the action may as a practical matter impair or impede his ability to protect
 that interest, unless the applicant's interest is adequately represented by
 existing parties.").  The trial court erred in deciding DeMarco's motion
 to intervene by utilizing only an abutting landowner analysis.  Pursuant to section
 57-9-10, Hoogenboom, and Rule 24, SCRCP, the question of whether DeMarco
 was an abutting landowner was not the sole dispositive question in determining
 whether to grant DeMarco's motion to intervene; rather, the court also should
 have considered whether DeMarco was an interested party to the action. However,
 the trial court's sole reason for denying DeMarco's motion to intervene was based
 on its finding that DeMarco was not an abutting landowner.  While the issue may
 have been raised, the trial court never ruled on whether DeMarco was entitled
 to intervene because he was an interested party as a landowner with a practical
 and substantial interest in the subject matter of the action.  Further, DeMarco
 did not file a Rule 59(e), SCRCP, motion to alter or amend.  Therefore, the
 issue is unpreserved for appellate review. See Nicholson v. Nicholson,
 378 S.C. 523, 537, 663 S.E.2d 74, 81-82 (Ct. App. 2008) (stating an issue must
 have been raised to and ruled upon by the trial court to be preserved on
 appeal, and if the trial court does not rule on an issue and the appellant does
 not raise it in a Rule 59(e), SCRCP motion, it is unpreserved); id. at
 537-38, 663 S.E.2d at 82 (noting that without an initial ruling by the trial
 court, an appellate court is unable to evaluate whether the trial court
 committed error). 
2. As to
 DeMarco's argument that Bill Stokes Road is the northern boundary of his
 property, we find evidence in the record to support the trial court's
 determination that DeMarco's property does not abut Bill Stokes Road.  See Townes Assocs. Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d
 773, 775 (1976) ("In an action at law, on appeal of a case tried without a
 jury, the findings of fact of the judge will not be disturbed upon appeal
 unless found to be without evidence which reasonably supports the judge's
 findings.").
3. As to
 DeMarco's arguments that he is entitled to a finding of a written or recorded
 easement, an easement by prescription, or an easement appurtenant, we find
 these issues are not preserved for appellate review.  See Wilder
 Corp., 330 S.C. at 76, 497 S.E.2d at 733 (finding an issue must have been
 raised to and ruled upon by the trial court in order to be preserved for
 appellate review); Simpson v. World Fin. Corp. of S.C., 367 S.C. 184, 187-88,
 623 S.E.2d 877, 879 (Ct. App. 2005) (holding an issue is not preserved for
 appellate review when the trial court does not explicitly rule on an argument
 and the appellant does not make a Rule 59(e), SCRCP, motion to alter or amend
 the judgment).
4. As to
 DeMarco's argument that the trial court erred in closing Bill Stokes Road based
 on the existence of a fire and safety hazard, we find this issue abandoned on
 appeal for failure to cite to any authority in the appellate brief.  See Ahrens v. State, 392 S.C. 340, 357, 709 S.E.2d 54, 63 (2011) (stating
 that issues raised on appeal but not argued in the brief are deemed abandoned
 and will not be considered by the appellate court); see also Rule
 208(b)(1)(D), SCACR ("At the head of each part, the particular issue to be
 addressed shall be set forth in distinctive type, followed by discussion and
 citations to authority.").  Furthermore, we find evidence in the record to
 support the trial court's determination that it was in the best interest of the
 public to close the road.  See Townes Assocs., 266 S.C. at 86,
 221 S.E.2d at 775 ("In an action at law, on appeal of a case tried without
 a jury, the findings of fact of the judge will not be disturbed upon appeal
 unless found to be without evidence which reasonably supports the judge's
 findings.").
5. As to
 DeMarco's argument that the trial court erred in admitting the Stokes'
 testimony regarding their grandfather's intentions when creating Bill Stokes
 Road, we find DeMarco failed to show how he was prejudiced by the admission of
 the testimony.  See Fields v. J. Haynes Waters Builders, Inc.,
 376 S.C. 545, 557, 658 S.E.2d 80, 86 (2008) ("[T]o warrant reversal based
 on the admission or exclusion of evidence, the appealing party must show both
 the error of the ruling and prejudice.").
AFFIRMED.
FEW, C.J., and
 PIEPER and GEATHERS, JJ., concur.